[Department Two. — January 5, 1883.]

## JACKSON L. DENNIS ET AL., APPELLANTS, *v.* JOHN WINTER, RESPONDENT.

SALE BY AN ADMINISTRATOR—PROCEEDINGS—COLLATERAL ATTACK.—Proceedings in the course of administration with reference to the sale of land belonging to the estate of a deceased person cannot be collaterally attacked except for want of jurisdiction in the court.

ID.—PETITION.—Defects in the petition arising from a failure to state fully the facts giving the court jurisdiction and showing the sale to be necessary will not invalidate the subsequent proceedings, if such defects are supplied by the proofs at the hearing, and the general facts showing the necessity for the sale be stated in the decree directing it to be made.

ID.—RETURN OF SALE—ORDER OF CONFIRMATION—RECITAL.—No title passes until the sale is reported to and confirmed by the court. The report must be made under oath, but a recital in the order of confirmation that it was so made is conclusive as against a collateral attack.

APPEAL from a judgment of the Superior Court of the county of Yolo, and from an order refusing a new trial.

The action was ejectment. The facts are sufficiently stated in the opinion of the court.

*G. P. Harding*, and *R. Clark*, for Appellants.

*C. P. Sprague*, *C. H. Garoutte*, and *J. Craig*, for Respondent.

MORRISON, C. J.—It appears from the evidence in this case that the land sued for was owned by one B. S. Dennis, under whom plaintiffs claim title as heirs, and that it was sold under an order of the Probate Court, the defendant becoming the purchaser. The questions in the case involve the regularity and validity of the proceedings in the Probate Court, culminating in a sale and the execution of a deed to the purchaser by the administrator of the estate of B. S. Dennis, deceased. The defendant had judgment in the court below.

It will not be necessary, and it is not our intention to examine all the questions presented on the appeal, but we will content ourselves with an examination of such points as we consider determinative of the case.

The first point made relates to the sufficiency of the petition upon which the order of sale was made. It is important to bear in mind that this is not an appeal from a judgment or order of the Probate Court, made in the course of administration, but it is a collateral attack upon the proceedings had in that court. If, therefore, the court (which was in that proceeding one of general jurisdiction) had *jurisdiction* to make the orders attacked and to take the proceedings resulting in the sale of the land, its judgment and orders must be treated, for the purposes of the present case, as conclusive of the matters determined by them.

Does the record show facts sufficient to give the court jurisdiction? We think it does. Section 1537 of the Code of Civil Procedure designates the facts which such a petition must contain, and an examination of the petition, the sufficiency of which we are now considering, will show that it (aided as it is by the order of sale) substantially complies with the requirements of the Code. If the petition does not set forth all the facts showing the sale to be necessary, and giving the court jurisdiction, such failure will not invalidate the subsequent proceedings " if the defect be supplied by the proofs at the hearing, and the general facts showing such necessity be stated in the decree."

(§ 1537, Code Civ. Proc.)   The order of sale contained a full recital of the facts, showing that the case was a proper one for the sale of the real estate of the deceased.

The next point is that the return of sale was not verified, as required by § 1517 of the Code of Civil Procedure.   That section declares that "no sale of any property of an estate of a decedent is valid unless made under order of the Superior Court, except as otherwise provided in this chapter.   All sales must be, under oath, reported to and confirmed by the court before the title to the property sold passes."

It is not necessary for us to determine whether a failure to make a return of the sale under oath would affect the validity of the title in a *collateral* attack upon the judgment, because we have in this case a recital in the order confirming the sale that *the return of the sale was duly verified by affidavit.*   This recital is conclusive in the present case, and a finding of fact to the contrary does not in any manner affect the conclusiveness of the recital in the decree.   The fact was not a jurisdictional one, and the principle applicable to the inconclusiveness of statements or recitals in judgments, *conferring jurisdiction,* does not apply. (*McKinlay* v. *Tuttle,* 42 Cal. 570.)

What we have already said disposes of the objections to the order and notice of sale.   The matters complained of were mere irregularities at the most, and do not affect the title acquired by the defendant.   In this collateral attack such objections cannot prevail.

Judgment and order affirmed.

MYRICK, J., and THORNTON, J., concurred.