## BURRIS v. KENNEDY et al.*

### No. 15,634; January 3, 1895.

38 Pac. 971.

Probate Sale—Collateral Attack.—A probate sale of realty, when collaterally attacked by the grantee of a distributee under the final decree, who raised no objection to the validity of the sale, will not be set aside for mere irregularities.

*For subsequent opinion in bank, see 108 Cal. 331, 41 Pac. 458.

Probate Sale—Sufficiency of Petition—Presumption on Collateral Attack.—Where an order of probate sale of realty recites that at the hearing thereon the court "heard, understood, and fully considered the law and the premises," it will be assumed that it heard evidence as to the value of the property sold, and the sale will not, on collateral attack, be set aside because of the absence in the petition for sale of an allegation of the value of said property.

Probate Sale—Sufficiency of Petition—Presumption on Collateral Attack.—Where a petition in the probate court for the sale of realty recited that the petitioner "duly made and returned to said court . . . . a true inventory and appraisement of all the estate" of deceased, as "will more fully appear by reference to the papers on file in the clerk's office," it will be assumed, on a collateral attack on the sale, that the realty was inventoried and appraised as required by statute, and its actual cash value there stated, so as to supply an omission in the petition to state the value of the property.

APPEAL from Superior Court, Alameda County; John Ellsworth, Judge.

Action by Jesse Burris against Catherine Kennedy and others to quiet title. From a judgment for plaintiff, and an order denying a new trial, defendants appeal. Reversed.

Hutchinson & Campbell and Donald Y. Campbell for appellants; Sharp & Bolton for respondent.

GAROUTTE, J.—This is an action to quiet title, and grows out of the claim of respondent that a probate sale of real estate, made in the estate of James Kennedy, deceased, was void. The respondent is a grantee of Annie Church, an heir of Kennedy, and it is conceded occupies no more advantageous position in this litigation than would Annie herself, if the party plaintiff. Judgment went for the respondent, and this appeal is from that judgment and from the order denying a motion for a new trial. Respondent at the trial made numerous objections to the validity of the sale, but many of them are directed to mere irregularities, and are highly technical—entirely too technical to be considered when a collateral attack is made upon the judgment and decree confirming the sale. It was well said in Burris v. Adams, 96 Cal. 664, 31 Pac. 565: "In a doubtful case a court will not lean toward the attacking party, when he is, as in the case at bar, a mere volunteer, and when his grantor was a distrib-

utee in the final decree based upon the validity of the sale, and made no objection to it, and received without question the benefit of the money paid into the estate by the purchaser at the sale.'' And we reiterate that such a grantee must come before the court with something more substantial than irregularities in the proceeding, before probate sales of realty will be set aside in actions of the present character. Courts now hold much more liberal views upon these matters than are indicated in the early judicial history of the state; and, since the enactment by the legislature of section 1537 of the Code of Civil Procedure as it now reads—which legislation in part was placed upon the statute books by reason of the prior rigorous holding of the court against the validity of probate sales—the cases have been very exceptional in which by collateral attack sales have been annulled and set aside; and the advance upon liberal lines which the court has made in this class of litigation is largely attributable to the broader jurisdiction with which the court is now possessed under the present constitution, as compared to that which rested upon it in earlier times. The petition for sale of real estate involved in the present action asked that six certain tracts of land be sold. Five of these tracts were fully described, and their valuation and condition stated. The remaining tract, and the one in which we are now interested, is described in said petition as follows: ''A piece of property bounded westerly by Bihler property, east by property line, southerly by the Central Pacific Railroad, northerly by East Fourteenth street, being an undivided one-fourth interest, valued at one thousand dollars per acre.'' No complaint is now made as to the sufficiency of the description, but it is claimed that, as to this particular tract of land, the petition is jurisdictionally defective, in this: that no valuation is placed upon it, and thus a positive demand of the statute omitted. The acreage of the tract not being stated, it is claimed that the valuation of $1,000 per acre gives the court no light as to its value, for it is impossible from the face of the description to even estimate the acreage. The trial court held that the objection to the admission of the petition in evidence upon this ground was well taken, that the petition was fatally defective, and the sale thereunder void for this reason. We see no other matter disclosed by the record pertaining to the validity of

the probate proceedings leading up to the sale, the confirmation thereof, and the delivery of the deed, of sufficient importance to demand extended consideration. This is rather a small matter upon which to set aside a sale of real estate in an action to quiet title. The description of the land is sufficient, its condition is shown, and a valuation placed upon it by the acre. In addition, the order of sale recites that at the hearing of the application the court "heard, understood, and fully considered the law and the premises"; and, upon such a recital in the decree, we must assume that the court heard evidence upon the question of value. Under the foregoing state of facts, we are not now prepared to say that the sale was invalid by reason of the absence in the petition of an allegation of the total value of the tract.

But there are other reasons for sustaining the sale more weighty than these. The petition recites "that your petitioner duly made and returned to said court . . . . a true inventory and appraisement of all the estate of said deceased, . . . . all of which will more fully appear by reference to the papers on file in the clerk's office . . . . in the matter of said estate, which is hereby made." By reason of this reference, the inventory and the appraisement are to be considered a part of the petition, and omissions of material statements from the petition may be supplied by statements from the inventory and appraisement. It was said in Stuart v. Allen, 16 Cal. 501, 76 Am. Dec. 551: "Nor is it essential that there should be in the petition itself, and without reference to any other paper or thing, a statement of these facts. The main fact required is the averment of the insufficiency of personal assets, and mere formal defects in the mode of statement would not affect the jurisdiction. The reference to the inventory makes, for all purposes of the reference, the inventory a part of the petition." This principle is also recognized in Estate of Boland, 55 Cal. 310. The inventory and appraisement in the estate of Kennedy, deceased, is not in the record, but we must assume in this character of action that the particular tract of land involved was not only inventoried, but that it was appraised, as required by the statute, and its actual cash value there stated, and, if the value of the land sought to be sold is such a material and jurisdictional fact that its recital in the petition is absolutely

necessary, then a reference to the appraisement upon file among the records of the estate for such information satisfies the statute. The fact that this reference is general for all purposes, rather than special for one purpose, in no way weakens its effect; and upon principle, and also upon the reasoning of Stuart v. Allen, supra, we think the defective statement of facts found in the petition proper is cured by the reference. In the case of Dennis v. Winter, 63 Cal. 16, the validity of a probate sale was upheld, although the record disclosed that the petition for sale placed no valuation whatever upon the land sought to be sold, and the order of sale found as a fact the appraised value alone. The court held that, in view of the last clause of section 1537, Code of Civil Procedure, the petition, aided by the order, was sufficient to give the court jurisdiction of the proceeding. For the foregoing reasons, the judgment and order are reversed and the cause remanded.

We concur: Harrison, J.; Van Fleet, J.