[No. 15920.  Department Two.—January 21, 1896.]

JOHN G. ZILMER, APPELLANT, v. LOUIS GERICH-
TEN ET AL., RESPONDENTS.

EJECTMENT—EVIDENCE—ESTATES OF DECEASED PERSONS—DEED OF ADMIN-
ISTRATOR—PROBATE SALE — JURISDICTION—IRREGULARITIES—COLLAT-
ERAL ATTACK.—In an action of ejectment, evidence of an administrator's
sale and deed to the plaintiff's grantor from the estate of a deceased
person, is improperly excluded, when the record of the proceedings in
the probate court shows that it acquired jurisdiction of the subject-
matter of the petition for the order of sale, and of all persons interested
therein; and no mere irregularities or errors in the exercise of jurisdic-
tion could invalidate the sale or deed to the extent of making them vul-
nerable to collateral attack, or inadmissible in evidence as proof of title
acquired from the estate of the decedent.

ID.—PRIOR POSSESSION OF PLAINTIFF—RECOVERY AGAINST INTRUDER—
NONSUIT.—When the evidence for the plaintiff in an action of ejectment
tends to prove prior actual possession of the demanded premises by the
plaintiff, such prior possession is prima facie evidence of plaintiff's title,
as against an intruder, who shows no better right; and it is improper to
grant a nonsuit in such case.

ID.—NONSUIT—WHEN IMPROPER.—A nonsuit should be denied when there
is any evidence tending to sustain plaintiff's case, without passing upon
the question as to the sufficiency of such evidence.

APPEAL from a judgment of the Superior Court of
Santa Cruz County and from an order denying a new
trial.  J. H. LOGAN, Judge.

The facts are stated in the opinion.

*William T. Jeter*, and *Charles B. Younger*, for Appel-
lant.

Under section 1006 of the Civil Code, occupancy,
for any period, confers a title sufficient against all
except the state and those who have title by prescrip-
tion, accession, transfer, will, or succession.  The pos-
session of real estate is *prima facie* evidence of seisin
in fee.  (*Leonard* v. *Flynn*, 89 Cal. 543; *McGovern*
v. *Mowry*, 91 Cal. 383; *Morton* v. *Folger*, 15 Cal. 275.)
A valid petition for an order of sale had been filed in
the probate court.  This petition gave the court juris-
diction in the premises.  (*Fitch* v. *Miller*, 20 Cal. 352;
*Spriggs' Estate*, 20 Cal. 121; *Boland's Estate*, 55 Cal. 310;

*Richardson* v. *Butler*, 82 Cal. 174; 16 Am. St. Rep. 101.) The objection made to the introduction of the order of sale offered in evidence in the present action was a collateral attack thereon, and could not avail except for such matters as rendered the order void. (*Phelan* v. *Smith*, 100 Cal. 171; *Irwin* v. *Scriber*, 18 Cal. 499; *Griffith's Estate*, 84 Cal. 107; *Curtis* v. *Underwood*, 101 Cal. 661.)

*W. D. Story*, for Respondents.

VANCLIEF, C.—Action to recover from the defendants the possession of a small piece of land containing two and a half acres, to which the plaintiff claims ownership and the right of possession. The defendants deny the alleged ownership and right of possession, and allege that they own the demanded premises and are rightfully in possession thereof.

At the close of the evidence on the part of plaintiff the defendant moved for judgment of nonsuit and their motion was granted. Plaintiff appeals from the judgment and from an order denying his motion for a new trial, and contends that the court erred in granting the nonsuit and also in rejecting evidence offered by the plaintiff.

No brief has been filed in this court on behalf of respondents, and although I have endeavored to supply that deficiency so far, at least, as the labor of counsel may be properly imposed upon the court, the result is, possibly, not so favorable to respondents as it might have been if such labor had been performed by their counsel.

Plaintiff put in evidence a United States patent, dated May 20, 1872, granting to F. E. Bailey lots numbered 1, 2, and 3, section 31, township 10 south, range 1 west, Mount Diablo meridian, and parol testimony tending to prove that the demanded premises were wholly within said lot No. 3; then introduced, without objection, a deed dated December 8, 1882, from Henry C. Wheeler, granting to plaintiff said lot No. 3.

Plaintiff next offered a deed dated July 8, 1873, from F. E. Bailey, as administrator of the estate of William Watson, deceased, to Henry C. Wheeler, for said lot No. 3, together with the record of proceedings in the probate court in the matter of the estate of Watson, by which it was claimed said administrator was authorized to sell said lot No. 3.

Defendants objected to said administrator's deed to Wheeler on the alleged grounds: 1. That it did not appear that the order to show cause why the sale should not be made was published as required by law; 2. That the notice of sale was not published for the time required by law and the order of the court; 3. That "no notice of hearing the report of said sale was given, and no order of court made fixing the date of said hearing." The court sustained the objection and excluded the administrator's deed to Wheeler.

Plaintiff also introduced evidence tending to prove that Wheeler was in possession of the demanded premises at the time he conveyed the same to plaintiff; and that plaintiff was in actual possession thereof, by having inclosed the same with his adjoining land, during the winter of 1892–93, prior to the commencement of this action. And there was no evidence tending to prove prior possession by the defendants, or that they had any kind of title to the demanded premises.

On the evidence as above stated the plaintiff rested, and it does not appear in what respect it was claimed by defendants to be deficient when they moved for the nonsuit.

1. I think the court erred in sustaining defendant's objection to the administrator's deed to Wheeler.

The petition of the administrator for the order of sale is in due form, stating all jurisdictional facts, and no objection to it is made. The order of sale also complies strictly with the requirements of the statute, and recites, among other things, that upon the filing of the petition on August 17, 1872, " an order was thereupon made directing all persons interested in said estate to appear

before this court, at the courtroom thereof, on Saturday, the twenty-eighth day of September, A. D. 1872, at 10 o'clock A. M., to show cause why an order should not be granted to said administrator to sell so much of the real estate of the deceased as should be necessary, and ordering that a copy of said order to show cause be published at least four successive weeks in the Santa Cruz Sentinel, a newspaper printed and published in the city and county of Santa Cruz." Then, after reciting who were heirs of the deceased, that the minor heirs had no general guardian, the appointment of an attorney *ad litem* for them, and the appearance of said attorney for the minor heirs and the attorney for the administrator on the day appointed for the hearing (September 28, 1872), proceeds to recite, that "upon satisfactory proof by the affidavit of B. P. Kooser, a competent witness, of the publication of a copy of said order to show cause, in said newspaper, at least four successive weeks, and as often during said period of four weeks as said paper was regularly issued, this court proceeded to the hearing of said petition and heard and examined the allegations and proofs of the petitioner, no person interested in said estate or otherwise appearing to oppose said application." It then recites that the court found all the allegations of the petition to be true, and "that all the proceedings upon this application have been in all respects strictly conducted in accordance with and as provided in the statute regulating the sales of real estate belonging to the estate of deceased persons."

It does not appear in what respect the publication of the order to show cause was claimed to be defective, the affidavit of Kooser not appearing in the transcript; but it is not denied that the order was published as above recited, nor is there anything in the transcript indicating that it was not so published. It therefore appears that the probate court acquired jurisdiction of the subject matter of the petition and of all persons interested in the estate of Watson, and it is not denied but impliedly admitted that the court confirmed the sale.

Furthermore, the transcript contains no evidence that the probate court did not fix a time for hearing the report of the sale and give proper notice thereof, nor that the notice of sale was not published as required by law and the order of the court. Conceding, however, that the proceeding for confirmation of the sale was irregular as claimed, and that notice of the sale was not published for the time required by the order of court, yet these irregularities or errors in the exercise of unquestionable jurisdiction would not invalidate the sale nor the administrator's deed to the extent of making them vulnerable to the collateral attack made upon them in the court below. (*Dennis* v. *Winter*, 63 Cal. 16; *Smith* v. *Biscailuz*, 83 Cal. 359; *Richardson* v. *Butler*, 82 Cal. 174; 16 Am. St. Rep. 101; *Phelan* v. *Smith*, 100 Cal. 171.) "Jurisdiction existing, *any order or judgment* is conclusive in respect to its own validity in a dispute concerning any right or title derived through it, or anything done by virtue of its authority." (Van Fleet on Collateral Attack, sec. 17, p. 29.)

The deed was not objected to on the ground of irrelevancy, nor was it irrelevant, for even if plaintiff had failed to connect it with the patent to Bailey, as he presumably intended, still he was entitled to connect his possession with that of Wheeler.

2. As above stated, the evidence for plaintiff tended to prove prior actual possession of the demanded premises by the plaintiff. As against the defendants, who were alleged to be wrongfully in possession when the action was commenced—March 1, 1893—the prior possession of plaintiff was *prima facie* evidence of his title. (*Morton* v. *Folger*, 15 Cal. 275; *Leonard* v. *Flynn*, 89 Cal. 543; *McGovern* v. *Mowry*, 91 Cal. 383.) A nonsuit should be denied when there is any evidence tending to sustain plaintiff's case, without passing upon the question as to the sufficiency of such evidence. (*Felton* v. *Millard*, 81 Cal. 540.) And for this reason, also, I think the nonsuit should have been denied.

I conclude that the order and judgment should be reversed, and the cause remanded for a new trial.

BELCHER, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion the order and judgment are reversed, and the cause remanded for a new trial.

McFARLAND, J., TEMPLE, J., HENSHAW, J.