[Civ. No. 235.   First Appellate District.—November 21, 1906.]

# L. H. ANDERSON, Appellant, v. BANK OF SANTA CRUZ COUNTY, Respondent.

ACTION FOR BANK DEPOSIT—SUFFICIENCY OF ANSWER—DENIALS—SALE OF DRAFT.—In an action to recover the sum of $1,000 alleged to have been deposited by plaintiff in defendant bank, under an alleged agreement to repay the same upon demand to plaintiff or order, where the complaint avers a demand and refusal, and does not count on a dishonored bill of exchange, an answer denying the deposit, or any agreement to pay the same or any part thereof, to plaintiff or his order, and denying the receipt of any money from plaintiff, except that it sold plaintiff a bill of exchange payable to the order of a third party for $1,000, and received $1,000 therefor, is sufficient as against a general demurrer to the answer.

ID.—EVIDENCE—IMPROPER NONSUIT.—Where plaintiff's evidence showed an original deposit of $1,000 in the bank, and that that money had never been repaid, and that several months subsequently the president of the bank promised to repay the money as soon as the draft was returned, it was error for the court to grant a nonsuit upon this testimony.

ID.—PRIMA FACIE CASE—IMPLIED PROMISE TO REPAY DEPOSIT.—The proof of a deposit of $1,000 in the bank as an original transaction was sufficient to make a *prima facie* case, and to raise an implied promise to repay the same.

ID.—ADMISSION OF MOTION FOR NONSUIT.—A motion for a nonsuit admits the truth of plaintiff's evidence, and every inference of fact that can be legitimately deduced therefrom.

ID.—SUBSEQUENT PROMISE TO PAY.—The evidence tending to show a subsequent promise of the defendant to repay the money when a draft was returned fails to show the connection of the draft with the original transaction, and the nonsuit could not be granted merely because it was not proved that the draft was returned.

APPEAL from a judgment of the Superior Court of Santa Cruz County.   Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Charles B. Younger, Jr., for Appellant.

Joseph H. Skirm, for Respondent.

HALL, J.—This is an appeal from a judgment against plaintiff taken within sixty days from the entry of judgment.

The only errors relied on for a reversal of the judgment are that the court erred in overruling plaintiff's demurrer to defendant's answer, and in granting defendant's motion for a nonsuit.

The action was brought to recover of defendant the sum of $1,000. It is alleged in the complaint "That on said last-named date (August 8, 1903) said plaintiff delivered to and left with said defendant, the Bank of Santa Cruz, said sum of $1,000, in gold coin of the United States of America. That the said last-named defendant then and there received said last-named sum of money and agreed to repay the same to said plaintiff on his order or demand." Then followed an allegation of a demand and refusal to pay.

Defendant's answer denies that it ever received $1,000, or any other sum of money from plaintiff except that it sold to plaintiff a bill of exchange for $1,000, payable to the order of a third party, one ⸺. R. Helbron, and received therefor $1,001. The answer further denied that defendant ever agreed to pay the sum of $1,000, or any other sum, to plaintiff or to his order.

This we think was a sufficient denial of the allegations of the complaint in the face of a general demurrer. (The demurrer to the answer is a general one.) The complaint, it will be observed, does not count upon a dishonored bill of exchange, but seems to attempt to plead a simple deposit with a bank, and a refusal to pay on demand. The demurrer to the answer was properly overruled.

At the trial plaintiff rested his case on his own testimony and an admission by defendant that Wm. T. Jeter was at all times since January 1, 1903, president of the defendant, the Bank of Santa Cruz County.

Plaintiff testified, among other things: "I remember August 8, 1903, and of going to the banking house of the Bank of Santa Cruz County on that day, in the bank building, that portion of the bank building used for the transaction of bank business. I handed Mr. Jeter $1,000 in gold coin. The money was deposited in the bank. The bank has never repaid that money."

The above evidence made out a *prima facie* case for plaintiff, but subsequently plaintiff testified as follows:

"Q.  Did Mr. Jeter ever tell you he would repay you that money, or the bank would repay you that money?  A.  Yes, sir.

"Q.  When?  A.  As soon as he got the draft back."

(This is the first reference to a draft in the testimony.)

"Mr. Skirm:  He said what?

"A.  That as soon as the draft was returned he would pay me my money back, that was the understanding.

"Q.  But the bank has never repaid you that money?  A. No, sir."

Thereupon plaintiff rested, and defendant moved for a nonsuit, upon the ground that it appeared that the money was to be repaid when the draft was returned, and it had not been shown that the draft had ever been returned.

Whereupon plaintiff, with the permission of the court, further examined the plaintiff, and elicited from him that the promise to repay when the draft was returned was not made at the time of the deposit, but was made subsequently, in December or January.  Thereupon defendant renewed its motion for a nonsuit, which the court granted.  In this we think the court erred.

At the time the motion was finally made and granted the evidence fairly tended to show that in August plaintiff deposited with defendant bank $1,000, which had not been re‑paid, but which defendant at a subsequent time promised to pay when a draft was returned.  No evidence was given explaining in any way the connection of the draft with the transaction, or tending in any way to connect the draft with the original transaction.

A deposit of money with a bank raises an implied promise to repay the same.  (*Coleman* v. *First Nat. Bank*, 53 N. Y. 388; Story on Bailments, sec. 41.)  "The motion for nonsuit admits the truth of plaintiff's evidence and every inference of fact that can be legitimately drawn therefrom."  (*Goldstone* v. *Merchants' Ice and Cold Storage Co.*, 123 Cal. 625, [56 Pac. 776]; *Hanley* v. *California etc. Co.*, 127 Cal. 232, [59 Pac. 577].  See, also, *Zilmer* v. *Gerichten*, 111 Cal. 73, [43 Pac. 408].)

The evidence in this case, as it appears in the record, tended to show a deposit of $1,000 by plaintiff with the defendant bank which had not been repaid, and upon which the law raises an implied promise to repay on demand.  It also tends

to show that the defendant, or its president, subsequently promised to repay the money when a draft was returned, but the connection of the draft with the original transaction is not shown by any evidence.

The judgment is reversed.

Cooper, J., and Harrison, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 20, 1906.