### FACTOR v. PERKINS et al.

No. 21544.   Opinion Filed May 23, 1933.

Homer Neece, for plaintiff in error.

R. J. Roberts and Hubert Ambrister, for defendants in error.

BUSBY, J.   This action was commenced in the district court of Seminole county, Okla., for the purpose of canceling a guardian's deed to an undivided one-half interest in certain real estate situated in that county and to recover the possession of and quiet the title to the said real estate.

The trial court sustained a demurrer to the plaintiff's second amended petition (thereafter referred to as the petition). Whereupon the plaintiff elected to stand upon the petition, and the action was dismissed. The plaintiff has perfected this appeal for the purpose of reviewing the proceeding before the trial court. The parties appear herein as they appeared before the trial court, and will be referred to as plaintiff and defendant, respectively.

It appears from the petition that the real estate in question was originally allotted to Nicholas Factor, who died intestate in December, 1916, leaving as his sole and only heirs at law his widow, Sallie Factor, and his daughter, Alice Factor, then two years of age.

Sallie Factor was appointed guardian of Alice Factor, the plaintiff in this action. In 1918, pursuant to a petition filed for that

purpose, the undivided one-half interest in the land in question belonging to the plaintiff was sold at public sale to J. H. Perkins, and the sale was confirmed by the county court.

The validity of that sale, the confirmation thereof, and the deed executed in connection therewith were collaterally attacked by the plaintiff in the court below on the theory that the publication of the notice of sale was insufficient. The plaintiff in her petition in attacking the sufficiency of the notice said:

"That thereafter there was caused to be printed in the Wewoka Capital Democrat a notice of sale pursuant to said order, which notice of sale fixes the date of sale for Monday the 11th day of March, 1918, at ten o'clock a. m.; that the first publication of said notice appeared in said paper on the 28th day of February, 1918, and the last publication on the 7th day of March, 1918, a copy of which notice, together with the proof thereof, is attached hereto and marked 'Exhibit C' for identification."

"This plaintiff says that said judgment roll discloses affirmatively from the notice and the proof thereof that no notice was published as ordered and as required by law, for two consecutive weeks next preceding the date set for sale, and that 15 days did not elapse between the first insertion of said publication and the date of sale as required by law.

"Plaintiff says that said purported sale was void and of no force and effect for the reason that, as heretofore stated, no proper and lawful notice was given pursuant to the decree of sale, and the county court was without jurisdiction, and said notice was insufficient to vest said county court of jurisdiction to confirm the same; that the judgment roll affirmatively shows these facts; that said proceedings should be set aside, vacated, and held for naught."

The copy of the order confirming the sale attached to the plaintiff's petition discloses that the property was offered for sale and sold to the defendant J. H. Perkins at the time and place mentioned in the notice of sale subject to the confirmation of the court. Also, that thereafter and on April 8, 1918, that being the date of the order of confirmation, a written bid was received from one G. W. Gregg, the sale was re-opened for competitive bidding, and J. H. Perkins increased his bid. As he was the highest bidder therefor, the sale to him was confirmed; the court in the order of confirmation finding:

"That said sale was made after due notice as prescribed by said order of sale; that said purchaser was the highest bidder

therefor, and said sum the highest and best sum bid; that said sale was legally made and fairly conducted, that said sum is not disproportionate to the value of the property sold, and that a sum exceeding such bid at least ten per cent., exclusive of the expense of a new sale, cannot be obtained, and that the said guardian in all things proceeded and conducted and managed such sale as required by the statute in such case made and provided, and as by said order of sale required and directed.

"It is therefore, ordered, adjudged, and decreed by the court that the said sale be, and the same is hereby, confirmed and approved, and declared valid, and the said guardian is directed to execute to said purchaser proper and legal conveyance of said real estate."

Certain statements appear in the amended petition suggesting fraud and inadequacy of consideration as well as a failure to comply with probate rule No. 5 of this court, which was in force at the time of the guardianship sale. However, no question is urged in the brief in connection with this allegation, and the plaintiff is therefore deemed to have abandoned any alleged error in connection therewith. The sole and only question presented by this appeal is whether the guardian's sale and the deed issued in connection therewith are void by reason of an insufficient publication of notice of sale. The case is here solely on the sufficiency of the pleadings, a demurrer having been sustained to the second amended petition and no evidence having been introduced.

The manner and time of publication of the notice of sale is governed by the provisions of section 1277, C. O. S. 1921, section 1286, O. S. 1931, which reads as follows:

"When a sale is ordered to be made at public auction, notice of the time and place of sale must be posted up in three public places in each county in which any part of the land to be sold is situated, and in the county where the order is made, and published in each of said counties in some newspaper printed in the county for two successive weeks. The lands and tenements to be sold must be described with common certainty in the notice. The day of sale must be at least 15 days from the date of the first publication of the notice."

The above statute is made applicable to guardianship sales by virtue of section 1478, C. O. S. 1921, sec. 1474, O. S. 1931.

The petition is silent as to whether the notice in question was posted in three public places as directed by the foregoing statutory provisions, the irregularity relied upon by the plaintiff being the fact that the date of sale as fixed by the notice was

less than 15 days from the date of the first publication thereof, and that such notice was not published for two weeks next preceding the date of such sale. The question then is, Does the failure to strictly comply with the statute regulating the time of the publication of the notice of sale render the subsequent sale and the deed issued in connection therewith after confirmation void or voidable upon collateral attack? Almost the identical question was before this court in the case of Tiger v. Drumright et al., 95 Okla. 174, 217 P. 453. In that case this court announced the applicable rule of law in syllabus 6, wherein it was said:

"Where land is sold at private sale and notice of sale is published for three consecutive weeks, but was not published for two weeks next before the date designated as the date on or after which the sale was made, and where notices were not posted in three of the most public places in the county where the land was situated, as provided by section 6383, Rev. Laws 1910, such irregularities do not render the sale void and subject to collateral attack."

While this case involves a private sale and the case at bar involves a public sale, it is observed that there is no practical difference in the principle involved and that the holding in that case is controlling in the case now before us.

The decision in the case of Tiger v. Drumright, supra, was based on the previous case of Eaves v. Mullen, 25 Okla. 679, 107 P. 433, wherein this court, in 1910, speaking through Mr. Justice Hayes, held that guardian sale could not be collaterally attacked because the publication of the notice of hearing on the return of sale was insufficient. In that case the doctrine was announced that "defects in the steps of a proceeding made subsequent to the acquiring of jurisdiction of a proceeding for the sale of real estate by a guardian were not fatal to the jurisdiction of the court." That case also stated: "The court obtains jurisdiction of the proceedings, and defects in the proceedings thereafter are irregularities which may be corrected on appeal, but cannot be made the ground of a collateral attack," such defects and irregularities therein being cured by the order of confirmation. The order of confirmation in the case at bar likewise contains the necessary recitals under our statutes to cure any defects in the irregularities as to the notice of sale, the order reading as follows:

"Now on this 8th day of April, 1918, there coming on for hearing the return of sale made by Sally, Seminole Roll No. 141, as the guardian of the estate of Alice Factor,

a minor, and said guardian appearing in person and by her attorneys, Norvell & Haulsee, and the court, having examined said return, and having heard and considered the evidence of witnesses offered in support of said return and being fully advised in the premises, finds:

"That in pursuance of said order of sale, said guardian on the 11th day of March, 1918, sold the portion of the real estate of said minor described as follows, to wit: All the right, title, and interest in and to the south half of the southwest quarter of section 18, also described as the southeast quarter of the southwest quarter and lot 4 of section 18; and the north half of the northwest quarter and the southeast quarter of the northwest quarter of section 19, also described as the east half of the northwest quarter and lot one of section 19, all in township 7 north, range 7 east, Seminole county, Oklahoma, and being the entire surplus allotment of Nicholas Factor, deceased, Seminole Indian Roll No. 48, and containing 200 acres, more or less, at public sale to J. H. Perkins upon the following terms, to wit: For the sum of $375 payable as follows: Ten per cent. cash on day of sale and remainder cash on confirmation, and that thereafter on the day of confirmation, to wit: April 8, 1918, the written bid of one G. W. Gregg for the sum of $425 was presented and the bidding was again opened up for competitive bidding and upon such competitive bidding said land was thereafter knocked off to the said J. H. Perkins for the sum of $432, he being the last and highest bidder therefor.

"That said sale was made after due notice as prescribed by said order of sale; that said purchaser was the highest bidder therefor, and said sum the highest and best sum bid; that said sale was legally made and fairly conducted; that said sum is not disproportionate to the value of the property sold, and that a sum exceeding such bid at least ten per cent. exclusive of the expense of a new sale cannot be obtained, and that said guardian in all things proceeded and conducted and managed such sale as required by the statute in such case made and provided, and as by said order of sale required and directed.

"It is therefore, ordered, adjudged and decreed by the court, that the said sale be, and the same is hereby confirmed and approved, and declared valid, and the said guardian is directed to execute to said purchaser proper and legal conveyance of said real estate."

The decision of the Eaves v. Mullen, supra, is a landmark in our jurisprudence, and the principles therein announced have served to shed light upon the legal pathway of this jurisdiction for more than two decades. It has been quoted with approval in many subsequent decisions of this court. In commenting on this opinion we said in White v. Cheatham et al., 101 Okla. 264, 225 P. 533:

"This court, having in the beginning said that the validity of the deed depended upon 'Whether a compliance with the statute as to giving notice of such hearing is mandatory and jurisdictional, or is directory only,' concluded that compliance with the statute in Oklahoma would not be held jurisdictional. The far-reaching effect of its decision was contemplated and intended, as it will be observed in the closing lines of the court's opinion the court effectively said that the rule it announced should be applied with uniformity to all conveyances made in the state, either before or after its admission to the Union. * * *

"Doubtlessly hundreds of titles, void if we reversed this rule, have been made in this state and sold to innocent purchasers with reliance upon this rule, announced as a rule of property in Eaves v. Mullen."

As a portion of the doctrine of stare decisis, this court recognizes that stability of the law in connection with the real property and stability of the titles to lands in this state depend upon an adherence to the rules of property established by the decisions of this court, and when this court has announced in its previous decisions a doctrine which has for many years been the basis of determining the validity of titles, it is only in the most exceptional cases that the previous rule should be disturbed in any manner. Thousands of titles have been approved in this state on the strength of Tiger v. Drumright, supra, and upon the doctrine announced in the case of Eaves v. Mullen. To overrule these decisions at this time by judicial interpretation retroactive in effect would create inestimable injury and chaos and uncertainty in connection with the titles to real property. It is, therefore, the opinion of this court that the decision of the trial court should be affirmed.

CULLISON, V. C. J., and ANDREWS, OSBORN, and WELCH, JJ., concur. BAYLESS, J., concurs in conclusion. RILEY, C. J., and SWINDALL and McNEILL, JJ., dissent.

———————

RILEY, C. J. (dissenting). I cannot concur in the majority opinion herein.

The principal question involved is, whether the county court has power to confirm sale of land made by a guardian under an order of sale which fails to provide that the first publication of notice of sale must be 15 days before the date of the sale, and where the proof of the publication of such notice affirmatively shows that said notice was only published for 11 days before the

date of the sale, is confirmation of a sale under such condition a nullity?

I respectfully assert that where such failure to order the proper notice and publish the same for the time prescribed by law is disclosed by the judgment roll in the proceedings in the county court, such sale and the confirmation thereof are void and subject to attack in a separate action. In this case the plaintiff pleaded the order of sale under which her lands were sold and the proof of publication of notice of sale as disclosed by the record in the county court. The order of sale provided that notice of the time and place of sale be given by publication for two consecutive weeks, and by posting notices as required by law in three public places in the county. It did not provide that the first publication should be at least 15 days before the date fixed for the sale. The record being silent as to the posting of the notices, I am assuming that the law was complied with in that respect. The proof, and the only proof of publication of the notice of sale presented to the county court at the time the order confirming the sale was made, was the affidavit of the publisher of the paper in which the notice of sale was published. It conclusively shows that the notice of sale was first published February 28, 1918, and was last published on March 7, 1918, and that the sale was to be at public auction March 11, 1918. The first publication was but 12 days before the sale, including both the day of publication and the day of sale. It was, in fact, published but 11 days before the sale.

I cannot assent to the proposition that the majority opinion is supported by Eaves v. Mullen, 25 Okla. 679, 107 P. 433. Neither can I agree that Tiger v. Drumright, 95 Okla. 174, 217 P. 453, cited in the majority opinion, is based upon a correct interpretation of the rule announced in Eaves v. Mullen. supra, in so far as the publication of notice of sale was therein considered.

In Eaves v. Mullen, supra, the court, in reference to publication of the notice of the date of the hearing on the return of sale, said:

"Does the failure to publish the notice of the date of the hearing on the return for the time prescribed in the order and by the statute render the decree of confirmation void on collateral attack? The answer to this question depends upon whether a compliance with the provisions of the statutes as to giving notice of such hearing is mandatory and jurisdictional, or is directory only. That all defects in a proceeding by a guardian for the sale of his ward's real estate will not render the proceeding an absolute nullity, and that some defects are mere irregularities which will require a reversal on appeal or a vacation of orders of sale and confirmation thereof on direct attack, but do not affect the validity of the sale on collateral attack, is generally agreed to by the courts."

It was then in effect held that the statute requiring ten days' publication of notice of hearing on the return of sale is directory only. While publication of the notice of sale was attacked in Eaves v. Mullen, supra, the opinion discloses that the order of sale directed that notices of sale be given by publication in two counties for two consecutive weeks, and that notice was first published in Carter county October 4, 1908, and in the other county on October 1, 1908, and that the date of sale was October 19, 1908. Therefore, the notice was published two weeks before the sale in both counties, and the first publication in each county was at least 15 days before the sale. This was in compliance with the law.

A number of cases hold that the statutes relative to publication of notice of hearing on a petition for appointment of guardian, or of hearing on petition of guardian to sell a ward's land, and on hearing of return of sale, are directory only. It may be conceded that the rule holding such statutes directory has been in force so long in this state as to become a rule of property, although when first announced it was conceded to be against the weight of authority. I am unwilling to agree that this court, or any other court, has power to declare a section of our statute directory only which is by another section of the statute on the same subject made mandatory. Eaves v. Mullen, supra, recognizes the difference between statutes which are mandatory and jurisdictional and those which are directory only. It is my contention that the section of the statute requiring publication of notice of sale is made mandatory, and that the county court is without jurisdiction to enter an order confirming the sale without proof of compliance with the law in respect to the publication of notice of sale.

Section 1286, C. O. S. 1921 [O. S. 1931, sec. 1295], provides:

"Before any order is entered confirming the sale, it must be proved to the satisfaction of the court that notice was given of the sale as prescribed, and the order of confirmation must show that such proof was made."

In Abraham v. Homer, 102 Okla. 12, 226 P. 45, this court, in discussing the various

steps necessary in the sale by administrators and guardians, in pointing out the distinction between mandatory or jurisdictional statutes and those directory only, said:

"Those steps are provided by law and constitute a course of procedure. If the lawmakers in providing the method of such steps had in mind only an advisable manner of orderly advancement and had not in mind the nature of the judgment to be rendered when the course was run, then such statutes are usually regarded as directory, and will be considered only in determining the procedure, and are entitled to no consideration in determining the judicial power of the court to render a judgment. Facts showing compliance with such statutes are clearly quasi jurisdictional only and not subject to consideration in collateral attack. On the other hand, if it appears that in the enactment of such statute the lawmakers, while providing a step in the procedure, had uppermost in mind the effect of such step upon the judgment thereafter to be rendered, and intended the taking of such step in the procedure as a condition precedent to the existence of the judicial power of a court to thereafter render the particular judgment, then such facts, while in a sense being quasi jurisdictional, are clearly jurisdictional facts, necessary to the existence of the third element of jurisdiction. Such statute is a mandatory one. A directory statute of procedure, such as is above considered, has no direct relation to the substance of the adjudication to be made, while compliance with the mandatory statute above illustrated reaches into the power of the court to render the decree, and the result of such compliance inheres in such decree as a material and substantial part of the judgment itself. If by statute the lawmakers provide that notice shall be posted of the time when a county court shall hear the petition of a guardian to sell his ward's real estate, and the court has already acquired jurisdiction over the person and subject-matter, and over the special proceedings there being had, why, such statute had naught to do with the substance of the judgment which the court will thereafter render and the statute is one of procedure only. But where a statute requires that the land to be sold must be appraised and that the court shall not confirm a sale thereof for less than a given per cent. of the appraised value of the land, then such appraisement, while being a step in the course of procedure, creates a result that inheres in the material substance of the judgment. Facts showing compliance with such mandatory statute are evidently intended by the lawmakers as material to the existence of the power of the court to render the judgment confirming the sale and are jurisdictional facts."

It would seem clear that the lawmakers had in mind, in the enactment of the statute with reference to publication and posting of notices of sale, the effect of the notices upon the judgment thereafter to be rendered in confirming the sale, and intended that the giving of the requisite notice of sale should be a condition precedent to the exercise of judicial power of the court to thereafter render a judgment confirming the sale. Otherwise, they would not have enacted the section requiring that before any order confirming the sale should be entered, proof must be made that the notice of sale was given as prescribed and that the order of confirmation must show that such proof was made. Section 1286, C. O. S. 1921 [O. S. 1931, sec. 1295], unquestionably means and requires the notice prescribed by the statute and not the notice prescribed by the order of court. Clearly this notice, as a prerequisite to confirmation of sale, was intended to be a jurisdictional fact as defined in Abraham v. Homer, supra. This court has always held, where the order of sale prescribed a longer period of notice than that prescribed by the statute, and the notice was given as prescribed by the statute, but not as prescribed by the order of sale, that such notice is sufficient.

The three requisites prescribed by law as to time for notice of sale at public auction are:

First. Posting in three places in the county where the land or any part thereof is situated for two weeks.

Second. Publication in some newspaper printed in the county for two successive weeks.

Third. The date of the first publication must be at least 15 days before the day of sale. The notice must also state the date and place of sale and must describe the lands and tenements to be sold with common certainty.

There is no case in this state that has been called to my attention holding the publication of a notice of sale for a less time than that prescribed by law is sufficient to confer jurisdiction upon a county court to confirm the sale, except Tiger v. Drumright, supra. Therein the notice was actually published for the requisite time, but not for the 15 days next preceding the day on or after which the land was to be sold. That case also holds that no notice whatever need be posted in the county where the land to be sold is situated. That case purports to be based on Eaves v. Mullen, supra. But, as I have heretofore

pointed out, the question of compliance with the statute in reference to the publication of notice of sale was not involved in Eaves v. Mullen, for therein the notice was published for the length of time provided by law.

Although the question was not involved in Eaves v. Mullen, supra, the court therein quoted with apparent approval from Zillmer v. Gerichten, 111 Cal. 73, 43 P. 408, the following:

"Conceding, however, that the proceedings for confirmation of the sale were irregular as claimed, and that notice of the sale was not published for the time ordered by the court, yet this irregularity or error in the exercise of unquestionable jurisdiction would not invalidate the sale nor the administrator's deed to the extent of making it voidable by collateral attack made upon them in the court below."

It may be observed that the irregularity mentioned was failure to publish for the time ordered by the court. As to the failure to publish for the time required by law with reference to publication of the notice of sale, shown by the record in that case, it is stated in the opinion:

"Furthermore, the transcript contains no evidence that the probate court did not fix a time for hearing the report of the sale, and give proper notice thereof, nor that the notice of sale was not published as required by law and the order of the court."

The statements quoted in the Eaves v. Mullen Case from Zillmer v. Gerichten, supra, are clearly weakened, if not wholly repudiated, in a later case by the same court, concurred in by the author of Zillmer v. Gerichten, supra.

In Hellman v. Merz (Cal.) 44 P. 1079, decided May 21, 1896, four months after the decision in Zillmer v. Gerichten, the question of sufficiency of publication of the notice of sale was squarely before the court. Therein it was said:

"The rule is well settled that proceedings for the sale of the real property of a decedent are statutory, and that such a sale will be void unless the requirements of the statute are complied with."

And:

"It follows from what has been said that, by reason of the insufficient publication of the notice of sale, the attempted sale to the plaintiff was ineffectual and void, and that the deed made and tendered in pursuance thereof would have passed no title."

Therein was cited Hartley v. Croze, 38 Minn. 325, 37 N. W. 449. Reference to that case will disclose that at the time the sale was made there was a statute in effect in Minnesota providing:

"* * * Whenever a sale of real estate, or any interest therein, has heretofore been made by an administrator, executor, or guardian in good faith, and the purchase money in fact paid and any defects or irregularities have occurred in proceedings touching such sale which did not render such sale absolutely void, such defects and irregularities may be rectified, and the sale confirmed, by the district court, * * * in the manner provided in this act."

Therein the one defect involved was that the notice of sale was not published "for three weeks successively next before the sale." It was held:

"Nine days having elapsed between the completion of the last publication of the notice and the designated time of sale, the sale was void; the statute requiring the publication to be made for three weeks, successively, 'next before such sale'."

So far as I have found, only the states of California, South Dakota, Oklahoma, and the territory of Dakota have had the statutory provision found in section 1286, C. O. S. 1921 [O. S. 1931, sec. 1295]. In none of the cases cited in Eaves v. Mullen, supra, was this statutory provision considered, neither was it mentioned in Eaves v. Mullen. There was no such provision in the statute of Wisconsin under which the case of Grignon, Lessees, v. Astor et al., 2 How. 319, 11 L. Ed. 283, arose. There was no such statutory provision in the state of Arkansas, under which Beidler v. Friedell, 44 Ark. 411, and other similar cases arose. It is, therefore, apparent that the question was not intended to be decided in Eaves v. Mullen.

It must be conceded, however, that Eaves v. Mullen holds that the county court is without power or jurisdiction to lengthen the time prescribed by law for the publication of notices required to be given in proceedings for the sale of real estate by guardians or administrator. It necessarily follows that the county court is without power to shorten the time of publication of such notices, and particularly the notice of sale. This is necessarily true in view of the provisions of section 1286, supra. If the county court may shorten the time one day, as was done in the instance case, it can shorten it two days, or any number of days. If the county court has power to confirm a

sale upon a positive showing that the first publication was made 11 days before the date of sale, as was done in the instant case, then it may confirm a sale upon affirmative proof that the first publication was but one day before the date of sale, and if Tiger v. Drumright, supra, is to be followed, it may dispense altogether with publication of the notice of sale. This, of course, would be to completely nullify the positive provisions of section 1286, supra. It is quite clear that the only purpose for the enactment of said section was to deprive the county court of power and jurisdiction to confirm a sale without affirmative proof that the notice of sale was given and published for the time required by law.

If what this court has said in Abraham v. Homer, supra, has any meaning whatever, it means that very thing. In fact, the provision of that statute could serve no other purpose. That section positively states that the order of confirmation must show that such proof was made. In the instant case the order of confirmation does not so show. All that is shown therein with reference to the publication of the notice of sale is that "said sale was made after due notice as prescribed by the order of sale." And this is false, as shown by the very proof the court had before it. Furthermore, the order of sale did not require that the first publication be made 15 days before the day of sale. Therefore, neither the order of sale, the publication of the notice of sale, nor the order confirming the sale complied with the requirements of law. The order confirming the sale was made and entered in direct conflict with the provisions of section 1286, supra.

I fully appreciate the importance of the doctrine of stare decisis referred to in the majority opinion in connection with the cases of Eaves v. Mullen and Tiger v. Drumright, but I am fully convinced that a reversal of the ruling and judgment of the trial court in this case would not in the least conflict with Eaves v. Mullen, supra, for the reason, as stated above, that there was no defect whatever in the publication of the notice of sale in that case, and the question here presented was not involved therein. The syllabus makes no mention of the notice of sale and there is no discussion whatever in the opinion of the provisions of section 1286, C. O. S. 1921 [O. S. 1931, sec. 1295], then in effect.

The stability of titles based upon deeds procured through probate proceedings is important to the business world. But purchasers at such sales are usually persons seeking a bargain, and, in many instances, are the real instigators of the proceedings to sell lands belonging to minors, and often where there is no real necessity for such sale. They are not forced to buy. They have the privilege of buying or letting alone. In cases such as the instant one they have full access and opportunity to examine the records and proceedings in the county court and ascertain for themselves what the records show with reference to proof of publication of the notice of sale before the sale is confirmed. They are charged with knowledge of the law requiring the proof of proper publication before the confirmation of the sale.

On the other hand, it is important that minor children be protected in the sale of their property. As aptly stated by Mr. Justice Harrison, in Jones v. Snyder, 121 Okla. 255, 249 P. 313, in discussing the effect of fraud in such proceedings:

"The infant child is not only equally innocent, but is utterly helpless to protect itself. It has no option, no voice whatever in the transaction; it is not permitted by law to even raise a voice in its own behalf against the fraud, but, like a helpless lamb, is led to the slaughter and the law will not hear its cry."

While the allegations of fraud are not presented in this appeal, and are somewhat meager, if such allegations and the exhibits to the petition are to be taken as true, and the demurrer admits their truth, the instant case is typical of the needless sale of a minor's land for much less than its actual value. It was apparently brought about by someone other than the child's mother and guardian. The mother is apparently an ignorant Seminole Indian, unable to read and write the English language, and able to sign the necessary papers only by her thumb mark placed in the proper place under the guiding direction of another. The land was sold for less than $5 per acre, when at the time it had a rental value for oil purposes of $1 per acre per year, aside from its value for agricultural purposes. It was leased for oil purposes at $1 per acre per year shortly after the sale, and thus paid for itself from this source alone in less than five years. The child was then an infant but two years of age, and had the land been leased for oil by the guardian instead of being sold, it would have produced ample income from that source to support a child of that age.

In my judgment, it is much more important for the courts to uphold a plain, mandatory, wholesome statutory provision and to protect such helpless children in the sale of their property than to apply any doctrine of stare decisis or rule of property in favor of purchaser in the face of a record such as existed in the instant case.

The statement contained in the majority opinion that thousands of titles have been approved in this state on the strength of Tiger v. Drumright, supra, and the doctrine announced in Eaves v. Mullen, supra, is a severe indictment of thousands of lawyers practicing in this state, and also of many county judges of the state. It is, in effect, to say that thousands of lawyers have ignorantly or corruptly ignored the plain provisions of the law in handling sales through the probate court, and likewise that in thousands of cases county judges have ignorantly or corruptly confirmed sales without proof of publication of notice of sale as required by law and in direct violation of the plain provisions of the law. I am utterly unable to subscribe to such statement. I cannot believe it possible that lawyers and county judges have been so extensively ignorant or corrupt. In this connection it is significant that only one case, that of Tiger v. Drumright, supra, has reached this court raising the question that is directly raised here.

As stated before, I am convinced that Tiger v. Drumright, supra, is based upon a misconception of the holding of Eaves v. Mullen, and was adopted without any consideration whatever of the mandatory provision of section 1286, supra. In so far as that case holds that the county judge may confirm a guardian sale in the face of an affirmative showing that no notice of sale was published in the county where the land to be sold was situated, the same should be overruled.

Respectfully and vigorously I dissent.

SWINDALL, J. I concur in the dissent of Mr. Chief Justice RILEY.