[No. 12454. Department Two. — December 23, 1889.]

ELIZABETH C. RICHARDSON ET AL., RESPONDENTS,
v. P. F. BUTLER ET AL., APPELLANTS.

ESTATE OF DECEDENTS — PETITION FOR PROBATE SALE — JURISDICTION. —
While the jurisdiction of the superior court over a sale of lands belong-
ing to the estate of a decedent does not come from its general jurisdic-
tion over the administration of the estate, but from the petition for the
sale, and while the petition must comply with the requirements of the
statute in order to confer jurisdiction, yet a substantial compliance with
the statute is sufficient, and a petition which fully and fairly answers the
purposes of the statute will confer jurisdiction. The jurisdiction depends
on the averments of the petition, and not upon their truth or falsity.

ID. — DESCRIPTION OF PROPERTY — REFERENCE TO INVENTORY — LOST MAP.
— A petition for a probate sale may properly refer to the schedules of
the inventory for a particular description of certain real property be-
longing to the estate; and the fact that the inventory also refers to a map
or diagram on file, which cannot be found at the time of a subsequent
trial of a cause involving the validity of the sale, seventeen years after-
ward, will not affect the jurisdiction, if the inventory, taken in connec-
tion with the averments of the petition, sufficiently shows what the
interest of the deceased in the real property was at the time of his death,
and contained a full description of the real property of the estate at the
time the sale was asked, and gave to the court all the information upon
that subject contemplated by the code.

ID. — CONDITION OF CITY LOT. — The designation of a city lot as unimproved
is a sufficient description of its condition, in a petition for a probate sale,
to give the court jurisdiction.

ID. — DEBTS AND EXPENSES OF ADMINISTRATION. — The statement that there
are no debts, or expenses of administration accrued and unpaid, is suffi-
cient to vest jurisdiction, so far as that point is concerned, if prior ac-
counts are settled, and the petition seeks a sale to provide for a family
allowance and future expenses of administration.

ID. — VERIFICATION OF PETITION — SCHEDULES FOLLOWING. — The fact that
schedules attached to a petition for a probate sale, and made part of it,
are placed after the verification will not affect the validity of the verifi-
cation.

ID. — ORDER OF SALE. — When the property consists of several lots or par-
cels, the fact that the order of sale provides that the sale shall cease when
a certain amount required to be raised has been obtained does not render
the order void.

ID. — FINDING AS TO NOTICE OF SALE — COLLATERAL ATTACK. — The find-
ing of the probate court, in the order confirming the sale, that notice of
the sale was posted in three public places, is conclusive as against a col-
lateral attack.

ID. — VALIDITY OF SALE — TECHNICAL OBJECTIONS. — Mere technical objec-
tions will not be allowed to overturn a title to realty honestly acquired

under a probate sale, where there is no pretense that the sale was in fact fraudulent, or without adequate consideration, or in any way unfair.

ID. — LIMITATION OF ACTIONS — QUIETING TITLE. — It seems that section 1573 of the Civil Code, limiting the time within which an action can be brought to recover an estate sold by an executor or administrator, applies to actions by heirs to quiet title.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Jarboe, Harrison & Goodfellow,* for Appellants.

*J. C. Bates,* for Respondents.

McFARLAND, J. — Action to quiet title. Judgment for plaintiffs, from which and from an order denying a new trial, the defendants Kate Dunne and Alice Dunne appeal.

Plaintiffs claim title to the disputed premises as heirs at law of their deceased father, John Sproul. Defendants claim title under a probate sale made to their grantors in the course of the administration of the estate of said Sproul, deceased, upon the petition of his administratrix, Mary Ann Sproul. The court below ruled said sale to be void; and, practically, the only question in the case is, whether or not that ruling was correct.

The court below merely found, generally, that "said sale was void in law, and passed no title to said Moxley and Kingwell (plaintiffs' grantors), or either of them"; and does not find any specific facts upon which that conclusion was based. But the brief of respondents' counsel — waiving for the present appellants' objections to the findings for insufficiency — discloses the grounds of the finding; and the main one is, that the petition for the sale did not contain a description of the real property of the estate and a statement of its condition and

value, as required by section 1537 of the Code of Civil Procedure.

It is no doubt the settled rule here that the application of an administrator for the sale of lands belonging to the estate is an independent proceeding; that the jurisdiction of the probate court over it does not come from its general jurisdiction over the administration of the estate, but from the petition for the sale; and that the petition must comply with the requirements of the code. (*Pryor* v. *Downey*, 50 Cal. 398; 19 Am. Rep. 656, and cases there cited.) And we apprehend that this rule is not changed by the provisions of the present constitution, which gives jurisdiction of probate business to a court of general jurisdiction, or by the fact that the code no longer requires a deficiency of personal property to be shown before there can be any valid sale of real property. But as was said in *Stuart* v. *Allen*, 16 Cal. 501, 76 Am. Dec. 551, " in order to the exercise of jurisdiction it is not necessary that there should be a literal compliance with the directions of the statute. A substantial compliance is enough." A court, keeping in view the interests of both heirs and purchasers in good faith for value (as in this case), ought not to consider the provisions of the code as presenting an intricate verbal puzzle which must be worked out minutely, and with extreme exactness, in the petition. Such a view would make grave rights of property dependent upon the doing of mere trifling tricks. Looking at the purpose of the code provisions on the subject, — gathered, of course, from their language, — a petition should be considered sufficient if it fully and fairly answers those purposes. And the main purpose, clearly, is to inform the court about the condition of the estate, so that it may pass upon the necessity and propriety of the sale. And with these views, we think that the petition involved in this case was sufficient.

John Sproul died in January, 1869, and the petition

was not filed until November, 1874, — nearly five years afterward. It is quite lengthy, and covers sixteen pages of the printed transcript. With respect to the real property as it stood when the deceased died, the petition states that on March 28, 1870, she returned to the court "a true inventory and appraisement of all the estate of said deceased which came to her possession or knowledge, which inventory and appraisement is hereby referred to and made a part hereof." It then states that "the only property which came into the possession of your petitioner, as appears by said inventory and appraisement, was [after mentioning personal property] an undivided one-half interest in and to the tract of land described in said inventory, and known as the Sharp and Sproul tract, and owned in common by said deceased and George F. Sharp, appraised as of the value of thirty-five thousand dollars." This tract is further described in the petition as "situate in said city and county of San Francisco, and known as 'outside lands.'" The petition further states that, under certain acts and ordinances of Congress, the state of California, and the city and county of San Francisco, all of said land was reserved and appropriated by said city and county for the purposes of a public park, the owners being compensated, "except that portion thereof hereinafter described in schedule B, and another portion thereof assigned to George F. Sharp under the decree of partition hereinafter referred to." It is then stated that, after the administration had commenced, the said Sharp brought an action against petitioner and the heirs of said deceased for partition of all of said remaining land, except that part described in the second subdivision of said schedule B; and that on April 21, 1874, by a decree in that action, the lands described in the first subdivision of said schedule B were set apart in severalty to the estate of said Sproul, deceased. Said schedule B contains, — 1. Descriptions of all the various blocks, lots, and parcels of the land thus set off to the estate, and there is no pretense

that such descriptions are not full and sufficient; and 2. Descriptions of the lots and parcels in which the estate and said Sharp were still co-tenants, and these descriptions are also sufficient. And the petition alleges "that the only real property to which said estate is entitled, or which your petitioner, as administratrix of said estate, is in or entitled to the possession, *is that described in schedule B*, and that the condition and value of said real property are set forth in said schedule."

It is clear, therefore, that the petition set forth full and clear descriptions of all the real property of the estate at the time the petition was filed; and as it gave the court complete information on that subject, it certainly complied with the main purpose of the code in that regard. But it is urged by respondents that the sale, and all proceedings of the probate court with respect to it, should be held absolutely void on this collateral attack, because, as they contend, there is no sufficient description in the petition of the land of the estate as it was when Sproul died; that is, "the real property of which the decedent died seised." The petition, with the inventory which is a part of it, describes the land first, generally, as the undivided one half of the Sharp and Sproul tract, situated in San Francisco, and then gives a description by metes and bounds, excepting certain parcels heretofore conveyed, which are delineated and marked with certain specific names on a map or diagram "on file herein," — that is, on file with the inventory; but at the time of the trial — about seventeen years afterward — such map or diagram could not be found on file, or among the papers of the estate, and it is argued that without this map the description is so defective as to upset the jurisdiction. The land, however, down to the decree of partition, was always described as the half of the Sharp and Sproul tract. Now, the averments of the petition are (and the jurisdiction depends on the averments, not upon their truth or falsity) that all of the

said land not mentioned in the second subdivision of schedule B was divided by the partition decree; and the parcels set off in severalty to the estate by that decree are fully described in the first part of said schedule. And the second part of said schedule fully describes all the lots and parcels of said tract in which the estate and Sharp were still joint owners. It seems to us, therefore, that the averments of the petition sufficiently showed to the court what the interest of the deceased in the Sharp and Sproul tract was at the time of his death, and contained a full description of all the real property of the estate at the time the sale was asked, and gave to the court all the information upon that subject contemplated by the code, and that the sale was not void for want of sufficient description of real property in the petition. (*Stuart* v. *Allen*, 16 Cal. 501; 76 Am. Dec. 551; *Fitch* v. *Miller*, 20 Cal. 352.)

The other objections made by the respondents are untenable. The designation of a city lot as "unimproved" is, we think, a sufficient description of its "condition," at least, to give jurisdiction to the probate court.

The statement that there were no debts, or expenses of administration accrued and unpaid, was, we think, sufficient to vest jurisdiction, so far as that point is concerned, where, as in this case, the prior accounts of the administratrix had been settled, and the petition sought a sale, not to pay debts and past expenses, but to provide for family allowance and future expenses of administration.

It appears that the amount necessary to be raised was between ten thousand and eleven thousand dollars; and the property consisting of several separate lots and parcels, the order of sale provided that "such sale shall cease when an amount not less than ten thousand dollars and not exceeding eleven thousand dollars has been obtained"; and respondent contends that the part

of the order just quoted makes the whole void. We are unable to see any good reason for that contention.

The probate court, in its order confirming the sale, declared that the notice of sale was posted in three public places. Respondent introduced evidence against the objection of appellants, with intent to show that *one* of the places was *not* a "public" place within the meaning of the code. But surely the court, having jurisdiction of the proceeding, could, within that jurisdiction, find the fact that the place was a public place; and such finding cannot be attacked collaterally.

The position of respondent that the petition was not properly verified, because the certificate of verification is placed before the schedules which were attached to it, is not tenable. The schedules were a part of the petition, and were as fully included in the verification as were the parts which preceded the certificate.

We see no other attacks upon the jurisdiction of the probate court to order the sale which require special notice. It may be remarked that there is no pretense that the sale under which appellants claim was in fact fraudulent, or without adequate consideration, or in any way unfair. To the objections made to it, may well be applied that often abused word "technical"; and we do not think that they are sufficient to overturn, for want of jurisdiction, the solemn judgment of a court, or to destroy a title to realty honestly acquired.

Appellants plead, as a defense to the action, section 1573 of the Code of Civil Procedure, which provides that "no action for the recovery of any estate sold by an executor or administrator, under the provisions of this chapter, can be maintained by any heir or other person claiming under the decedent, unless it be commenced within three years next after the settlement of the final account of the executor or administrator." Counsel on both sides, in discussing the issue made by this defense, deal mainly with the question whether this section ap-

plies to actions to quiet title, and whether, to make the defense good, it must not appear that the purchasers were in the actual adverse possession for three years. We are inclined to hold (although we do not here undertake to definitely settle the question) that section 1573 intended to have settled within the time mentioned all questions about the validity of probate sales, and that the words " recovery of any estate " were intended to and do include all actions which involve an " estate " in the land sold, and therefore include an action to quiet title. But in the case at bar we are not able to see from the transcript that the action was not brought within three years after plaintiffs attained their majority (see section 1574), nor does the record show the date of " the settlement of the final account" of the administratrix. The point, therefore, cannot be raised on the record which is before us.

These views lead us to the conclusion that the findings of the court below,—" that the proceedings on said administratrix's sale of said estate of said John Sproul, deceased, were irregular, invalid in law, and no title passed under said sales "; that " the claims of said defendants, and each of them, are without any legal right," etc.; that " the plaintiffs are the owners in their own right, as their separate property, of the parcels of land described in the amended complaint herein"; and " that defendants have not, nor have either of them, any right, title, estate, or interest" therein, — are erroneous. This being so, it is unnecessary to inquire if the findings are sufficiently full. But the case is not one where judgment can be ordered for appellants on the findings. All we can do is to order a new trial.

Judgment and order reversed, and cause remanded for a new trial.

THORNTON, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.