RICHARDSON et al. v. DUNNE et al.

No. 14,587; January 7, 1893.

31 Pac. 737.

**Appeal—Matters not Apparent on Record.**—A finding by the trial court that plaintiffs' causes of action are barred by limitation is conclusive on appeal, where no exceptions were taken to such finding, and where the appeal was not taken within sixty days after judgment rendered.

APPEAL from Superior Court, City and County of San Francisco; J. P. Hoge, Judge.

Action by Elizabeth C. Richardson and others against Kate Dunne and Alice Dunne to quiet title to land. Judgment for defendants. Plaintiffs appeal. Affirmed.

J. C. Bates for appellants; W. S. Goodfellow for respondents.

VANCLIEF, C.—Action to quiet title to land. On the first trial there was a judgment for plaintiffs, from which, and an order denying their motion for a new trial, the defendants appealed, and the judgment and order were re-

versed and a new trial ordered: 82 Cal. 174, 16 Am. St. Rep. 101, 23 Pac. 9. On the new trial, judgment passed for defendants, from which plaintiffs bring this appeal on the judgment-roll, containing a bill of exceptions as to questions of law, but raising no questions of fact.

All the questions of law presented by the record on this appeal were decided on the former appeal; and the judgment on the new trial, from which this appeal is taken, appears to be, and is admitted by appellants' counsel to be, in strict accordance with the law of the case, as expressed on the former appeal. In his opening brief counsel for appellants says: "As the former decision of this court is the law of the case, right or wrong, so far as this court is concerned, we do not deem it proper to more than state our points and objections here, which we still believe well taken, but we realize that we must now take our chances in another forum to realize our expectations." In his closing brief, counsel makes a point on the finding by the court on the new trial that plaintiffs' causes of action were barred by sections 1573 and 1574 of the Code of Civil Procedure "as the same existed prior to the amendment thereof in the year 1880." Nothing as to this was decided on the former appeal; but the conclusion that the causes of action were barred does not appear to be an erroneous conclusion from other facts found, or in any way disclosed by the record; and since there is no exception to the findings, and as the appeal was not taken within sixty days after the rendition of the judgment, the findings must be regarded as conclusive as to the facts. Besides, the judgment is well supported by other findings, regardless of the finding that the causes of action were barred. I think the judgment should be affirmed.

We concur: Haynes, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.