[S. F. No. 8469. Department One.—January 28, 1918.]

In the Matter of the Estate of MAGGIE PAVERT, Deceased. F. D. LOVE, Appellant, v. R. J. PAVERT, as Administrator, Respondent.

ESTATES OF DECEASED PERSONS—SALE OF REAL PROPERTY—EXISTENCE OF PERSONAL PROPERTY.—The mere fact that there is personal property belonging to the estate of a decedent does not preclude a sale of the realty.

ID.—SALE OF REAL OR PERSONAL PROPERTY—DISCRETION OF COURT AS TO ORDER OF RESORT.—Whether a court shall order a sale of the real property or the personal property of an estate, is a question committed to the sound discretion of the court.

ID.—SALE OF REALTY—DISPUTED CLAIM AGAINST ADMINISTRATOR—ABUSE OF DISCRETION.—Where the personal property of an estate consisted of a promissory note of the administrator who denied his liability on it, it was not an abuse of discretion by the court to order a sale of the real property for the purpose of paying debts.

APPEAL from an order of the Superior Court of Alameda County. Wm. S. Wells, Judge.

The facts are stated in the opinion of the court.

F. R. Wall, and Latourette & Latourette, for Appellant.

Mortimer Smith, for Respondent.

SLOSS, J.—Maggie Pavert died intestate, and R. J. Pavert, her surviving husband, was appointed administrator of her estate by the superior court of Alameda County. Upon his petition, the court made an order directing a sale of the real

estate of said decedent. F. D. Love, the father of the decedent, and one of her heirs, appeals from this order.

The petition asked for a sale upon the grounds, first, that a sale of the real estate was necessary to pay the outstanding debts of the decedent, and the debts, expenses, and charges of administration, and, second, that it was for the advantage, benefit, and best interests of the estate and those interested therein that said real estate be sold. The order of sale found the existence of both grounds.

The appellant does not question the sufficiency of the petition. His sole contention is that the evidence did not warrant the making of the order.

The property ordered to be sold consisted of two pieces of land, both of which were subject to mortgage. The debts of the estate, consisting of the mortgage obligations, amounted to five thousand seven hundred dollars, and the expenses, accrued and estimated, of administration came to $977. The petition alleged, and the administrator testified, that he had $59 in cash on hand, and that there was no other personal property belonging to the estate. The appellant's claim is that the evidence showed that there was considerable personal property belonging to the estate and not accounted for. The administrator had, during a period of several months, collected rents of $37.50 per month on one of the pieces of land. His testimony was that all of this money had been paid out by him for expenses, and, in particular, for a payment of three hundred dollars on account of one of the mortgages. At any rate, the amount thus collected, even if it had remained on hand, was not large enough to affect the ultimate finding that a sale was necessary to pay debts and expenses of administration.

The principal controversy arises over the contention of the appellant that the administrator himself was indebted to the estate of his wife in the sum of eleven thousand dollars, on account of a promissory note executed by him to her. The administrator testified that this claim had been settled. The evidence on the subject of the eleven thousand dollars indebtedness was very confused and unsatisfactory. We may concede that, if the issue were one requiring determination in this proceeding, the court below might well, and perhaps should have, concluded that the administrator, in fact, was indebted to the estate on account of the note. But the fact

remains that the liability was disputed. Not only this, but there was no showing that the demand against the administrator, granting its validity, could be collected. The claim was, therefore, at best a doubtful one.

The mere fact that there is personal property belonging to the estate does not preclude a sale of realty. Section 1358 of the Civil Code provides that all of the property of a person dying intestate, real and personal, "without any distinction between them," is chargeable with the payment of his debts. Similarly, section 1516 of the Code of Civil Procedure declares that all of the property of a decedent shall be chargeable with the payment of his debts, of expenses of administration and family allowance, and that the property, real and personal, may be sold under the direction of the court, as prescribed by the code. "There shall be," the section adds, "no priority as between personal and real property for the above purposes." In harmony with the rule thus enacted, section 1536 of the Code of Civil Procedure, as it now reads, does not make a deficiency of personal estate one of the prerequisites to an order for a sale of realty. Property, real or personal, may be sold "when a sale of property of the estate is necessary" to pay family allowance, debts, or expenses of administration. Under the probate act, which was followed in the original enactment of the codes, resort for payment of debts and expenses was first had to personalty, and a sale of real estate could be ordered only when the personal estate in the hands of the executor was exhausted or insufficient. But the contrary rule, now in force, was enacted in 1874. (Code amdts. 1873–74, pp. 234, 367, 369; see *Richardson* v. *Butler*, 82 Cal. 174, 176, [16 Am. St. Rep. 101, 23 Pac. 9].)

In the present state of the law, then, the court is authorized to order a sale of real or of personal property whenever such sale is necessary for any of the purposes enumerated in section 1536 of the Code of Civil Procedure. Whether it shall order a sale of the one or the other is a question committed to its sound discretion. So long, at least, as the cash on hand or readily collectible is not sufficient to pay debts or expenses, the court has authority to order a sale of real property. There may be circumstances under which it would be an abuse of discretion to direct such a sale, instead of resorting to the personal estate. But certainly this could not be

said in a case where, as here, the personal property consists of a disputed claim of doubtful value.

It must, therefore, be held that the court below was justified in finding that the sale was necessary to pay debts and expenses of administration. We need not inquire whether the showing was sufficient to support the sale upon the further ground that it would be for the advantage, benefit, and best interests of the estate and those interested therein.

The order is affirmed.

Shaw, J., and Richards, J., *pro tem.*, concurred.