[Civ. No. 4733.   Third Appellate District.—July 21, 1933.]

GRACE P. WARDEN et al., Appellants, v. CLARENCE R. BAILEY et al., Respondents.

J. Everett Brown for Appellants.

Afue McDowell for Respondents.

TUTTLE, J., *pro tem.*—This action was brought for the purpose of quieting title to lots 12 and 13 of Palm Island tract in Los Angeles County. Judgment went for defendants and this appeal is prosecuted therefrom.

Neither party has attempted to state the facts of the case in his brief. Apparently they proceed upon the assumption that this court heard all the evidence. We are left to the expedient of picking up such facts as appear here and there throughout the discussion. The transcript is filled with discussions of legal points. The facts are interspersed. If section 2 of rule VIII governing the procedure in this court had been in effect when this appeal was perfected, a much clearer presentation of the issues would have been made.

The title of plaintiffs is predicated upon a deed from the administrator of the estate of Emma A. Stone, deceased. That estate was probated in San Bernardino County, and the deed was executed pursuant to an order confirming a probate sale. Defendants relied at the trial upon two sources of title, to wit: one from a tax sale and one based upon adverse possession.

Respondents contend that the record shows that appellants had no title whatever to the property for the reason that the probate sale, upon which the latter's title is based, was void. It appears from the record that the notice of sale stated that the sale would be held "at the North steps of the old Court House Building, fronting on Temple Street, in the City of Los Angeles". The notice posted and published so provided. The *return of sale* recited that the property was sold "at the North *door* of the old Court House fronting on Temple Street in said City of Los Angeles". Affidavits of posting and publication are attached to this return, as exhibits, and it is stated that the posting and publication were done "all of which will more fully appear by the affidavits marked respectively Exhibits A and B hereunto annexed and made a part of this return". The order confirming the sale recited that the facts contained in the return of sale were true. Respondents state their point in this language: "Thus, the probate court judicially determined that the sale took place at the Court house *door*, a place different from the Court House *steps*, mentioned in the notice of sale." It is stated that there

is some evidence in the record indicating that these steps and door are vastly different and far apart, but there is no reference to any place in the transcript where such evidence can be found, and we do not feel that it is incumbent upon this court to discharge this duty which rests upon respondent. There is not even an attempt to quote the testimony upon this point, and we will therefore give it no consideration, assuming it was competent. The posting was done under the provisions of section 1547 of the Code of Civil Procedure, which provided that ''where a sale is to be made at public auction, notice of the time and place of sale must be posted in three of the most public places in the County in which the land is situated''. ■ It is the rule in this state that irregularities or errors in the exercise of unquestionable jurisdiction will not invalidate such a sale nor the administrator's deed to the extent of making them vulnerable to a collateral attack. (*Zilmer* v. *Gerichten,* 111 Cal. 73 [43 Pac. 408]; *Estate of Devincenzi,* 119 Cal. 498 [51 Pac. 845].)

■ It has also been held that a finding that a will authorized a sale without notice cannot be questioned under a collateral attack. (*Bagley* v. *Bloom,* 19 Cal. App. 255 [125 Pac. 931].) In the case of *Richardson* v. *Butler,* 82 Cal. 174 [23 Pac. 9, 11, 16 Am. St. Rep. 101], we find the following language: ''The probate court, in its order confirming the sale, declared the notice was posted in three public places. Respondent introduced evidence against the objection of appellants, with intent to show that *one* of the places was *not* a public place within the meaning of the code. But surely the court, having jurisdiction of the proceeding, could, within that jurisdiction, find the fact that the place was a public place; and such finding cannot be attacked collaterally.'' In the instant case the trial court found that the ''sales were legally made'' and that the ''said administrator in all things proceeded with and managed such sale as required by law in such cases made and provided''. This being a collateral attack, it will be conclusively presumed, if necessary to uphold the order, that the ''North steps of the old Court House fronting on Temple Street'' and the ''North door of the old Court House fronting upon Temple Street'' are one and the same public place, and testimony directed toward disputing such

presumption was not admissible. "All intendments are in favor of the validity of judgments of courts of general jurisdiction, and the jurisdiction of such courts in rendering a particular judgment is conclusively presumed to have been acquired unless the record shows to the contrary." (*Morrissey* v. *Gray*, 162 Cal. 638 [124 Pac. 246, 249].)

Other points are raised in attacking the proceedings relating to the sale, but they are of the same nature and character, and cannot prevail under the rule stated.

We therefore conclude that the probate proceedings relating to the sale of these lots was valid, and that the deed of the administrator conveyed the title of the decedent. This places the burden upon respondents of proving title in themselves. They concede in their brief that they rely entirely upon adverse possession. "Therefore (they state) the appellate court need not wade through the puzzling pages 74 to 199 of opening brief, where appellant incoherently argues the mysteries of the so-called 'illegal taxation'. We felt that the circumstances do not require our joining in that discussion, for, as hereinafter shown, the upper court must (?) affirm the judgment on other grounds." Thus appellants abandon their source of title based upon tax deeds, and adhere exclusively to a prescriptive title.

Under the provisions of section 325 of the Code of Civil Procedure, the payment of taxes by the adverse holder, if any are assessed against the land, is a necessary element in the establishment of title by adverse possession.

This action was filed March 18, 1925. There is evidence to the effect that defendants went into possession of these lots in 1918. On July 6, 1920, one E. H. Smith purchased lot 12 at a tax sale, based upon the nonpayment of delinquent taxes. Also, on the same date, one Van Lee Hood made a similar purchase of the other lot, No. 13. It is the contention of defendants that the chain of title from Hood and Smith, the purchasers at the tax sale, is complete and that they are the successors in interest of said purchasers. We will assume that the record supports this contention.

Defendants proved the payments of taxes by themselves for the years 1921, 1922, 1923 and 1924. Under section 325 of the Code of Civil Procedure they would have to prove payment of taxes for a period of five years. To meet

this requirement they rely upon the redemption from delinquent taxes made by their grantors who purchased at the tax sale. The grantors were never in possession of the property. They merely purchased at the tax sales and then conveyed to defendants. Defendants contend that the statutory requirement respecting payment of taxes for the years prior to 1921 is met by proof of the foregoing facts. ■

It is true that where taxes have been allowed to become delinquent and a sale has taken place, and, so far as appears, a redemption has been made therefor, while the party or his successor in interest was in the undisturbed possession and all this is done in good faith, such redemption operates as a payment, and is sufficient to bring the occupant within the terms of the statute requiring the payment of taxes as one of the necessary elements in establishing a title by adverse possession. (1 Cal. Jur., p. 568, par. 49.) In the instant case, however, the party seeking to prove adverse possession did not personally purchase at the tax sale or effect a redemption. That was all done by his grantors, who never were in possession and who subsequently conveyed the property to him by deed. The payment of the taxes by his grantors cannot inure to his benefit for the reason that such grantors were never in possession of the property. The rule which we have stated has never been extended so that it applies to a redemption made by the grantor of the adverse claimant, where such grantors never had possession of the real property. Our conclusion is that the evidence of adverse possession is insufficient for the reason that the defendants failed to prove the payment of taxes for the statutory period.

■ The answer of defendants merely denied the allegations of the complaint, which was in the ordinary form of a quiet title action. The statute of limitations was not pleaded. Early in the trial plaintiffs moved to strike out all the evidence of defendants bearing upon the defense of adverse possession, for the reason that such defense was not set up in the answer. It is a well-settled rule of pleading in this state that "where a claim is made to a prescriptive title, in order to be taken advantage of, and be in issue, it must be pleaded". (1 Cal. Jur., p. 622, par. 88.) Upon the objection being made, the trial court suggested that an amendment to the answer would be allowed if requested.

Counsel for defendants, however, insisted that it was not necessary to plead the defense and offered no amendment to his answer. The objection was overruled, and therein we conclude that the court erred. Under the pleadings as they stood at and during the trial and as they now stand, evidence of this defense was clearly inadmissible.

For the reason that plaintiffs established a record title to the property and the defendants failed to prove any title in themselves, the judgment is reversed.

Pullen, P. J., and Plummer, J., concurred.