Norbeck *v.* Allenson et ux., Appellants.

Argued April 10, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*David W. Swanson*, with him *Swanson and Bevevino*, for appellants.

*Alan Bruce Bowden*, with him *William R. Mervine, Buchanan, Ingersoll, Rodewald, Kyle & Buerger*, and *Mervine & Calderwood*, for appellees.

OPINION BY PACKEL, J., June 16, 1972:

Two couples dispute the ownership of a 30-foot strip between their adjoining properties. The plaintiffs had brought an action to quiet title alleging their title and possession of the disputed strip. The defendants filed an answer, denying plaintiffs' ownership and possession of the disputed strip. At the jury trial, both sides put their paper title in evidence. The defendants also testified, without objection, that in 1947 they planted a garden in the contested area and that for more than 21 years thereafter they continued to garden or to mow the lawn, and that they alone controlled the strip.

The court charged the jury only on the issue of who had paper title and refused defendants' points to charge on adverse possession. The jury found for the plaintiffs. The basis for the appeal is the refusal of the judge to put to the jury the issue of adverse possession.

From the trial record it would appear that both counsel maneuvered as though they were participating in a game rather than engaged in the pursuit of justice to determine the factual issue of the rights of the parties. Counsel for the defendants said nothing in his pleading about adverse possession, apparently because he thought that under the rules a denial of a plaintiffs' ownership and possession was sufficient, and he would be permitted to put in evidence the adverse possession. Counsel for the plaintiffs did not object to the admission of the evidence of adverse possession because apparently he thought that under the rules it was not a proper issue, and hence objection thereto was not necessary.

We believe that justice does not call for a standoff in this case by such reliance on an uncertain rule of procedure. Either side could have raised the issue at the pre-trial conference or during the trial so that the factual controversy might have been adequately dealt with. Under the circumstances of this case, the lack of appropriate authority to guide counsel as to what must be pleaded should not have prevented the assertion of the substantive rights of the appellants.

The uncertainty as to whether the defense of adverse possession must be affirmatively pleaded is pointed up by a review of the authorities. The present language of the Rules of Civil Procedure does not clearly resolve the issue. The rules governing actions to quiet title, Pa. R. C. P. 1061, as well as actions in ejectment, Pa. R. C. P. 1051, make applicable Pa. R. C. P. 1030, which governs actions of assumpsit. It sets

forth an enumeration of affirmative defenses which does not include adverse possession. Although the enumeration includes statutes of limitations, the uncertainty exists because that does not necessarily include the defense of adverse possession in that it gives actual ownership and not merely a remedy to set up the bar of the statute.[1] In *Schall v. Williams Valley Railroad Co.*, 35 Pa. 191, 204 (1860), the Court stated: "In the great case of Atkyns v. Horde, 1 *Burr.* 119, Lord MANSFIELD expounded the effect of the statute of limitations in these words: 'Twenty years' adverse possession is a *positive* title to the defendant; it is not a bar to the action, or remedy of the plaintiff only, but takes away his right of possession. Every plaintiff in ejectment must show a right of possession as well as of property, and therefore the defendant need not plead the statute as in the case of actions.' "

A review of the cases shows a sparsity of direct authority in Pennsylvania. The Court in the old case of *Gallagher v. McNutt*, 3 S. & R. 409 (1817), in reliance upon a statute, concluded that the issue of adverse possession could be raised in ejectment by a mere plea of not guilty. A comparable but converse situation arose in *Rochester Borough v. Kennedy*, 229 Pa. 251, 78 A. 133 (1910). The issue there involved the right of a plaintiff who was suing on a paper title to prove a title by adverse possession. The Court reversed the lower court for refusing to permit an amendment of the pleadings to assert adverse possession during the course of the trial. The rule in other jurisdictions is by no means uniform and unwarranted distinctions, probably

---

[1] "A point was made on the argument and in the court below that as the statute was not specially pleaded it could not be interposed in defence. But the master and the court below correctly held that the statute is not merely an act of limitations which requires to be specially pleaded, but that it is a statute of repose." *Way v. Hooton*, 156 Pa. 8, 20, 26 A. 784, 786 (1893).

because of historical reasons, have been drawn between actions to quiet title and actions in ejectment.[2]

On principle, particularly in view of modern concepts for full disclosure, the better view would be to require the defense of adverse possession to be pleaded affirmatively as new matter. This would be in accord with the generally accepted, but by no means conclusive, position that affirmative defenses are those as to which the defendant has the burden of proof. A defendant claiming a right by adverse possession unquestionably has that burden. *Vlachos v. Witherow*, 383 Pa. 174, 118 A. 2d 174 (1955); *Smith v. Kingsley*, 331 Pa. 10, 200 A. 11 (1938). The Rules of Civil Procedure should be construed to require the pleading of adverse possession as new matter even if they are not clarified by amendment. The expression of this view, however, to bring about certainty should not affect the assertion of the claim of adverse possession by the appellants whose counsel had dealt with an uncertainty in the law.

Judgment reversed and a new trial granted but limited solely to the issue of adverse possession.

WATKINS and JACOBS, JJ., dissent.

---

[2] For a review of the many ejectment cases see Annot. 39 A.L.R. 2d 1426 (1955). But *cf.* actions to quiet title, *Sanders v. Johnson*, 287 S.W. 427 (Mo. 1926); *Schroeder v. Rosenbaum*, 16 S.W. 2d 328 (Tex. Civ. App. 1929); *Warden v. Bailey*, 133 Cal. App. 383, 24 P. 2d 192 (1933).