## Babcock v. Wilderness Club

*William R. Carroll*, for plaintiff.
*Alan C. Jacobson*, for defendants.

COFFROTH, *P.J.*, November 13, 1979—This case is here on defendants' preliminary objections to plaintiff's complaint in this action to quiet title. The objections raise three questions which were argued:

(1) Where plaintiff claims a prescriptive right-of-way, must he allege the years during which the prescriptive use occurred?

(2) In such case, must plaintiff allege the location of the right-of-way on the ground, and particularly whether it runs through or on unenclosed woodland?

(3) Must plaintiff allege recording of his pre-

scriptive claim in compliance with the Act of May 31, 1901, P.L. 352, 68 P.S. §81 et seq.?

## PERIOD OF ADVERSE USER

Where a claim for land is based on adverse possession, such possession should be affirmatively pleaded: Norbeck v. Allenson, 221 Pa. Superior Ct. 422, 293 A. 2d 92 (1972); compare Rochester Borough v. Kennedy, 229 Pa. 251, 78 Atl. 133 (1910). The same rule should apply to a prescriptive claim based on adverse user, which for most purposes is essentially the equivalent of adverse possession. See Sabados v. Kiraly, 36 Somerset 1 (1976), appendix, affirmed 258 Pa. Superior Ct. 532, 393 A. 2d 456 (1978). That conclusion does not, however settle whether the specific years of user or possession are material facts under Pa.R.C.P. 1019(a), or are evidentiary facts which need not be pleaded. See Pittman v. Trent, 30 Somerset 283 (1975). We think the complaint should state the specific years which comprise the 21 years of adverse possession or adverse user which are essential to establish the substantive claim of right.

This complaint complies. It clearly pleads that the adverse user continued for more than 21 years until approximately September, 1977 (paragraph 11); thus, the years essential to establish the 21 year period run at least from 1956 through 1977. It is not necessary to plead the years of prior user nor the year in which the user began, for such data is not essential to the cause of action.

## LOCATION OF RIGHT-OF-WAY

We agree with defendants that plaintiff should plead with reasonable specificity the location of the claimed right-of-way. But this complaint in para-

graph 8 alleges the general direction and length of the road and refers to attached Exhibit B, a contour map, showing the road in red and outlining the land which it is alleged to traverse, and paragraph 9 alleges the particular tract of defendants which the road crosses. We think that is sufficient pleading of right-of-way location.

The Act of April 25, 1850, P.L. 569, sec. 21, 68 P.S. §411, prohibiting the acquisition of a prescriptive way through unenclosed woodland, cited and relied on by defense counsel, has been repealed by the Act of December 10, 1974, P.L. 867, sec. 19. See Sabados v. Kiraly, supra, 14 fn. 7. That repeal is effective, however, only as of the effective date of the repealing act: Millhimes v. Legg, 68 D. & C. 2d 412 (1975). Consequently the Act of 1850 may be applicable to this case.

In Millhimes, supra, Judge McPhail (now of Commonwealth Court) held that claimant has the burden of establishing that the right-of-way did *not* traverse unenclosed woodland. No authority or reasoning is given for that conclusion. As Judge McPhail points out, however, the Act of 1850 is in derogation of the general common law rule. In effect, the act establishes an exception to the general rules of law creating prescriptive rights in land as the result of adverse user for the statutory period. Ordinarily such an exception is treated as an affirmative defense, whose burdens of pleading and proof rest upon the opponent, especially if otherwise claimant would be required to prove a negative. The fact that proof of a negative is demanded will not alone shift the burden to the opponent. See Meth v. Broad Street & Bonded B. &. L. Association, 346 Pa. 331, 30 A. 2d 119 (1943); O'Neill v. Metropolitan Life Insurance Company, 345 Pa. 232, 26 A. 2d 898 (1942); Com. v. Walker, 55

D. & C. 2d 395, 401, 26 Somerset 140, 146 (1970). Of greater importance is the principle adhered to in Com. v. Bigelow, 484 Pa. 476, 483, 399 A. 2d 392, 395 (1979), quoted from McKelvey v. U.S., 260 U.S. 353, 43 S.Ct. 132, 67 L.Ed. 301 (1922), as follows:

"By repeated decisions it has come to be a settled rule in this jurisdiction that an indictment or other pleading founded on a general provision defining the elements of an offense, or of a right conferred, need not negative the matter of an exception made by a provisio or other distinct clause, whether in the same section or elsewhere, and that it is incumbent on one who relies on such an exception to set it up and establish it." See also Zenner v. Goetz, 324 Pa. 432, 435, 188 A. 2d 124 (1936) (insurance policy).

Such a rule promotes economy in pleading and formation of issues by relieving claimant of unnecessarily negativing all possible exceptions to his claim (of which there are often many), whether or not they have relevance to the case. Such is the thought behind the rule that: "'In general, . . . all matters of defense must come from the defendant and need not be anticipated or stated by prosecutor.'" Com. v. Bigelow, supra, 484 Pa. at 483, 399 A. 2d at 395.

We think defendant should have the burden of pleading and proving whatever facts may affect the case under the Act of 1850 rendering acquisition of a prescriptive right-of-way through unenclosed woodland unlawful. This conclusion is consistent also with Pa.R.C.P. 1030 which requires that: "All affirmative defenses, including . . . illegality . . . shall be pleaded in a responsive pleading under the heading 'New Matter'."

## RECORDATION OF CLAIM

The Act of May 31, 1901, P.L. 352, 68 P.S. §81 et seq., cited and relied on in support of the preliminary objections, requires that claims to the title to real estate by 21 years' adverse possession be recorded. It is not clear from the language of the statute whether the term "adverse possession" is used in its strict meaning as limited to acquisition of corporeal hereditaments, or whether the legislature contemplated that this statute, like the general statute of limitations under which title by adverse possession arises, should also be judicially extended by analogy to incorporeal rights acquired by prescription. See Sabados v. Kiraly, supra, appendix. The form of statement required to be recorded by section 2 of the act, 68 P.S. §82, appears to restrict the act to claims of acquisition of "title in fee"; if so, easements and other incorporeal rights are not included. In Jackson v. Pace, 20 Monroe 104 (1958) (and 21 Monroe 30), the court held that the act applies only to claims of title in fee and not to an easement for a right-of-way. Under that holding, the act is inapplicable to this case.

Assuming, however, for purposes of discussion only, that the Act of 1901 embraces both adverse possessory and prescriptive titles to land, and further assuming that the burden of pleading and proof are on plaintiff to bring himself within the statute, we think plaintiff's complaint is sufficient. Paragraph 11 alleges that plaintiff has used the right-of-way until approximately September, 1977 and for at least 21 years prior thereto. The conclusion is reasonably deducible therefrom that the road is and has been for at least that period of time visible on the ground, and therefore was apparent

to defendants when they acquired their titles in 1972 and 1973 (paragraph 7 of complaint), and that defendants therefore had notice thereof at the time of purchase; this conclusion is reinforced by the averments of paragraph 12 of the complaint that plaintiff's possession was "open, visible, notorious, uninterrupted, and adverse." The Act of 1901 does not mandate recording as an absolute precondition upon acquisition of a title by adverse possession or prescription. See James v. Bream, 66 Pitts. L.J. 609 (1918); Young v. Sweigart, 34 Lanc. 338 (1917). Since the visible user, when defendants acquired their land, gave them notice of the likelihood of an adverse possessory or prescriptive claim, recording of the claim was not necessary. As stated in Nulton v. Nulton, 247 Pa. 572, 583, 93 Atl. 630 (1915):

"It is true that the plaintiffs never filed a statement of their title by adverse possession, and that they were not in possession when Barclay Nulton purchased the land from his mother. We think, however, that they were not required to do so under the facts of this case, for the reason that Barclay Nulton had full notice of his brother's title to the premises and how that title was acquired. The Act of May 31, 1901, P.L. 352, does not require a statement of the claim to be made and recorded when the purchaser has notice of the title. The act protects only a purchaser, a mortgagee or judgment creditor for value, without notice."

As to the duty of a purchaser of land to make inquiry concerning possible claims of others apparent from inspection of the land, see Berzonski v. Holsopple, 28 Somerset 342, 353-4 (1973).

## ORDER

Now, November 13, 1979, the preliminary objections are dismissed, with leave to defendants to file an answer to the complaint within 30 days.