**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.   NC-15-1044-TaDJu |
| FRANCISCO HERNANDEZ;<br>JACQUELINE HERNANDEZ, | Bk. No.   10-43381 |
| Debtors. | Adv. No.   14-04144 |
| FRANCISCO HERNANDEZ;<br>JACQUELINE HERNANDEZ, | |
| Appellants, | |
| v. | **MEMORANDUM**[*] |
| WELLS FARGO BANK, N.A., a/k/a<br>Wachovia Mortgage, A Division<br>of Wells Fargo Bank, N.A.,<br>f/k/a Wachovia Mortgage FSB,<br>f/k/a World Savings Bank, | |
| Appellee. | |

Argued and Submitted on October 23, 2015
at San Francisco, California

Filed – November 3, 2015

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable William J. Lafferty, III, Bankruptcy Judge, Presiding

Appearances:     Mark W. Lapham argued for appellants Francisco Hernandez and Jacqueline Hernandez; Robert A. Bailey of Anglin Flewelling Rasmussen Campbell & Trytten LLP argued for appellee Wells Fargo Bank, N.A.

---

[*]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1(c)(2).

Before: TAYLOR, DUNN, and JURY, Bankruptcy Judges.

**INTRODUCTION**

Chapter 13[1] debtors Francisco Hernandez and Jacqueline Hernandez appeal from a bankruptcy court order dismissing their adversary proceeding pursuant to Civil Rule 12(b)(6). Dismissal, based solely on the extreme deficiency of the Debtors' opening brief on appeal, is appropriate. A merits review also yields no basis for reversal. Accordingly, we AFFIRM the bankruptcy court.

**FACTS[2]**

In 2005, the Debtors obtained a purchase money loan from World Savings Bank, FSB. Their related obligation was evidenced by a promissory note ("Note") and secured by a deed of trust ("Trust Deed") creating a lien against real property located in Concord, California (the "Property").

The Debtors filed a chapter 13 petition in 2010. Their schedules reflected their ownership interest in the Property and that it was subject to two liens. Only the first position lien is at issue in this appeal; that lien secured a debt of

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure. All "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] We exercise our discretion to take judicial notice of documents filed in the adversary proceeding and in the underlying bankruptcy case for factual context. See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

$453,048.27 owed to Wachovia Mortgage ("Wachovia").

A chapter 13 plan was soon confirmed. The plan, a one page form, provided for direct $1,322 monthly payments to Wachovia outside of the plan. Two weeks later, Wells Fargo Bank, N.A., a/k/a Wachovia Mortgage, a division of Wells Fargo Bank, N.A. and f/k/a Wachovia Mortgage, FSB (collectively hereafter, "Wells Fargo"), filed a proof of claim alleging a claim secured by the Property. The Debtors did not object to the proof of claim.

A year and a half later, the Debtors defaulted on payments under the Note; Wells Fargo moved for stay relief. Eventually, the bankruptcy court entered an adequate protection order ("APO") providing for additional monthly payments to Wells Fargo in the amount of $587.51, until the Debtors cured the post-petition arrears of $5,875.12. The APO was approved as to form by Debtors' then counsel.

In 2014, led by new counsel, the Debtors changed course and commenced an adversary proceeding against Wells Fargo. Reduced to its essence, the complaint challenged Wells Fargo's right to enforce the Note. It alleged that chain of title had been broken based on an unlawful assignment and that Wells Fargo had failed to honor conditions precedent in the Trust Deed following the Debtors' default. It also challenged the validity of the APO in the absence of a modified chapter 13 plan. The complaint stated five claims for relief: (1) fraudulent transfer under § 548; (2) determination of the validity, priority, or extent of the lien; (3) willful and malicious injury; (4) injunctive relief; and (5) declaratory relief.

Wells Fargo moved to dismiss the complaint under Civil

3

Rule 12(b)(6) and filed a request for judicial notice attaching documents that showed its connection to Wachovia and World Savings Bank. The Debtors opposed.

At the hearing, the bankruptcy court granted the motion to dismiss. It stated that a transfer fraudulent as to the Debtors did not occur simply because of an internal transfer of assets between World Savings, Wachovia, and Wells Fargo. It also stated that the confirmed chapter 13 plan did not change Wells Fargo's rights and remedies; upon the Debtors' default under the Note, the bank was entitled to seek stay relief. Finally, the bankruptcy court noted that a plan modification appeared unnecessary in connection with the APO, but, in any event, the Debtors failed to request this relief previously.

The bankruptcy court entered an order dismissing the complaint with prejudice. The Debtors timely appealed.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

**ISSUES[3]**

1. Whether the bankruptcy court erred in dismissing the adversary complaint pursuant to Civil Rule 12(b)(6).

---

[3] As Wells Fargo noted in its responsive brief, the Debtors identified seven issues on appeal. A majority of these issues, however, were not addressed in the Debtors' opening brief and, thus, are deemed waived. This includes, for example, that the bankruptcy court erred when it took judicial notice of Wells Fargo's documents evidencing the bank name change and merger.

2.  Whether the bankruptcy court abused its discretion in dismissing the adversary complaint without leave to amend.

## STANDARDS OF REVIEW

We review dismissal of an adversary proceeding under Civil Rule 12(b)(6) de novo. See Johnson v. Fed. Home Loan Mortg. Corp., 793 F.3d 1005, 1007 (9th Cir. 2015). A dismissal without leave to amend is reviewed for abuse of discretion. Tracht Gut, LLC v. Cnty. of Los Angeles Treasurer & Tax Collector (In re Tracht Gut, LLC), 503 B.R. 804, 810 (9th Cir. BAP 2014). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. See TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011) (citing United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

We may affirm on any basis supported by the record. Heers v. Parsons (In re Heers), 529 B.R. 734, 740 (9th Cir. BAP 2015).

## DISCUSSION

**A.  The deficiency of the Debtors' opening brief warrants dismissal of the appeal**.

Wells Fargo argues that blatant defects in the Debtors' opening brief warrant summary affirmance or dismissal of the appeal. It contends that the brief falls far short of compliance with the Federal Rules of Bankruptcy Procedure and, importantly, hinders its ability to appropriately respond.

An appeal may be involuntarily dismissed based on an appellant's failure to comply with the procedural rules

governing the presentation of briefs on appeal. See <u>Christian Legal Soc. Chapter of Univ. of Cal. v. Wu</u>, 626 F.3d 483, 485 (9th Cir. 2010) (order); <u>Williams v. Gerber Prods. Co.</u>, 552 F.3d 934, 937 (9th Cir. 2008); <u>Sekiya v. Gates</u>, 508 F.3d 1198, 1200 (9th Cir. 2007); <u>see also</u> <u>N/S Corp. v. Liberty Mut. Ins. Co.</u>, 127 F.3d 1145, 1146 (9th Cir. 1997) ("In order to give fair consideration to those who call upon us for justice, we must insist that parties not clog the system by presenting us with a slubby mass of words rather than a true brief. Hence we have briefing rules.").

We agree that the Debtors' opening brief, much like the adversary complaint, is poorly written and largely nonsensical. As pointed out by Wells Fargo, it also falls woefully short of meeting the requirements of the Federal Rules of Bankruptcy Procedure; this includes particularly Rule 8014(a), based on the failures to incorporate: a jurisdictional statement; a concise statement of the relevant standard of review for each issue presented; a concise statement of the facts and procedural history; and, in the "argument" section, if one is to be found in the brief, citations to legal authority and the record that are both correct and appropriate. The brief lacks these necessary components.

The Debtors only cite to the record in arguing alleged bad faith conduct by Wells Fargo or pointing out that they did not challenge securitization. We note that the latter argument is not particularly helpful, as there is no evidence in the record that the Note and Trust Deed were ever part of a securitization transaction.

Where the brief does contain citation to authority, in many instances it is either improper or inaccurate. In an appeal to the BAP, the governing procedural rules are Part VIII of the Federal Rules of Bankruptcy Procedure and the BAP Rules; where those rules are silent as to a particular matter of practice, the Federal Rules of Appellate Procedure and the Ninth Circuit Rules apply. See 9th Cir. BAP R. 8026-1. In neither instance are the California Rules of Court applicable, as included in the table of authorities. The standards of review on a motion to dismiss an adversary complaint are found in federal law, not state law. And, while certainly persuasive in certain contexts, decisions of the California courts of appeal are not binding on this Panel, particularly with respect to a controversial case, which is currently pending indirect review by the California Supreme Court.

The Debtors' brief contains many other mischaracterizations and inaccuracies. Facially, the brief reflects obvious "copied and pasted" provisions from other cases. It includes a paragraph discussing the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.; the adversary complaint, however, did not allege an FDCPA claim. And the table of authorities refers to rules and statutes that are not referenced to or otherwise discussed in the body of the brief.

The Debtors' blatant disregard of the briefing rules is not only irritating; here, it prevents us from ascertaining with any degree of certainty their arguments on appeal. Instead, we are left to speculate as to the substance of their arguments. Thus, our exercise of discretion to strike the brief and dismiss the

appeal is warranted.

Dismissal of an appeal based on a deficient brief, admittedly, is a harsh result, "especially as its application could, if unwisely applied, leave a meritorious appellant without a legal remedy when the fault lies solely with his or her counsel." Sekiya v. Gates, 508 F.3d at 1200. Here, insofar as we can surmise the Debtors' arguments on appeal, we are convinced that their claims lack merit; they do not "cry out" for reversal of the bankruptcy court's decision to dismiss the adversary complaint without leave to amend. See N/S Corp., 127 F.3d at 1146. Thus, even if we review the merits of the appeal, we are satisfied that the bankruptcy court did not commit error when it dismissed the adversary complaint without leave to amend.

**B.   The bankruptcy court's dismissal of the adversary complaint under Civil Rule 12(b)(6) was not erroneous.**

A motion to dismiss under Civil Rule 12(b)(6) (incorporated into adversary proceedings by Rule 7012(b)) challenges the sufficiency of the allegations set forth in a complaint and "may be based on either a lack of [: (1)] a cognizable legal theory or  . . . [(2)] sufficient facts alleged under a cognizable legal theory." Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotation marks and citation omitted). The court's review is limited to the allegations of material facts set forth in the complaint, which must be read in the light most favorable to the non-moving party, and together with all reasonable inferences therefrom, must be taken as true. Pareto v. Fed. Dep't Ins. Corp.,

139 F.3d 696, 699 (9th Cir. 1998).

Consistent with Civil Rule 8(a)(2), the factual allegations in the complaint must state a claim for relief that is facially plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Thus, based on the Iqbal/Twombly rubric, the bankruptcy court must first identify bare assertions that "do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation," and discount them from an assumption of truth. See Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Then, if there remain well-pleaded factual allegations, the bankruptcy court should assume their truth and determine whether the allegations "and reasonable inferences from that content" give rise to a plausible claim for relief. Id. "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." 556 U.S. at 679.

Fraud claims are subject to a heightened pleading standard. See Fed. R. Civ. P. 9(b) (incorporated into adversary proceedings by Rule 7009). Civil Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Thus, a complaint alleging fraud must satisfy both Civil Rules 8 and 9. Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011). Ultimately, "the court reviews all allegations holistically, rather than in isolation, to determine if a complaint is well-pleaded." Petrie v. Elec. Game Card, Inc., 761 F.3d 959, 970 (9th Cir. 2014).

Here, the adversary complaint contains allegations that the APO violated the confirmed chapter 13 plan. That is incorrect. The plan expressly provided for direct payments to Wells Fargo, outside of the plan; the APO is consistent with this plan provision. Moreover, we reject the suggestion that the APO lacked validity in the absence of a modified chapter 13 plan. Wells Fargo was entitled to seek payments from the Debtors following plan confirmation and to pursue stay relief upon their default; the confirmed plan neither changed the Debtors' obligation to Wells Fargo under the Note nor fixed the amount of the monthly payment. If anything, the APO was an accommodation allowing the Debtors to cure yet another default; a formal plan modification was not required.

Consistent with this determination, we also reject the Debtors' argument that Wells Fargo violated the automatic stay by seeking payments from them without first pursuing plan modification. The Debtors belatedly challenged Wells Fargo's right to payment on the Note - notwithstanding that they never objected to Wells Fargo's proof of claim, that the confirmed plan identified Wachovia as the first position lien holder, and, importantly, that they acquiesced to entry of the APO. But their last ditch effort to thwart Wells Fargo's exercise of rights conferred by pre-petition contract and post-petition agreement and claim, must fail; the automatic stay did not bar Wells Fargo's request that the Debtors honor their own plan.

The Debtors also largely complain that the bankruptcy court did not address the adversary complaint on a claim by claim basis. The record shows, however, that the bankruptcy court

adequately explained its reasoning for dismissing the complaint at the hearing; it was not required to address each implausible claim on a separate and detailed basis to the extent the Debtors claim.

### 1.    "**Fraudulent Transfer**" claim

The adversary complaint identifies the first claim in a heading as "Fraudulent Transfer (FRBP 7001(1) §§ 548))." Section 548 provides for the avoidance of a fraudulent transfer of debtor's property made within two years prior to the date of the petition.  A chapter 13 debtor has standing, concurrently with the trustee, to exercise the avoiding powers under the Bankruptcy Code.  <u>Getsey v. Eiler (In re Cohen)</u>, 305 B.R. 886, 899 (9th Cir. BAP 2004).

The first claim fails for several reasons.  First, the adversary complaint does not allege particular facts as to a fraudulent transfer, either under the Bankruptcy Code or California law.  Instead, it alleges that Wells Fargo committed breach of contract based on an alleged breach of the Trust Deed. There are vague allegations of conspiracy, misrepresentations, violations of state and federal law, bad faith, and unlawful acts - but nothing more.

Second, a lender's name changes and subsequent merger does not result in actions constituting a "transfer" within the meaning of § 548.  In support of its motion to dismiss, Wells Fargo submitted evidence showing that in 2007, World Savings Bank, FSB changed its name to Wachovia Mortgage, FSB; then, in 2009, Wachovia Mortgage, FSB was "converted" to Wells Fargo Bank Southwest, N.A., which then merged into Wells Fargo Bank, N.A.

11

The creditor's name changes did not constitute transfer(s) of an estate asset and, thus, were not subject to § 548.

Third, even if the adversary complaint contained a proper § 548 claim - which we determine it did not - it appears that any such claim was time-barred by the two-year § 546(a) statute of limitations, applicable to § 548 avoidance actions. The Debtors commenced the adversary proceeding in October 2014 - more than two years after the petition was filed.

The adversary complaint failed to plead a plausible fraudulent transfer claim. Thus, the bankruptcy court properly dismissed the first claim.

## 2. "Validity, Priority or Extent of Lien" claim

Citing California Code of Civil Procedure ("CCP") § 526(a)(1), the adversary complaint alleges that the Debtors are "entitled to the relief demanded [therein] including the restraining and enjoining the continuance of seeking to foreclose on the Property. [Wells Fargo has] intentionally violated the Automatic Stay and abuse[d] the provisions of the" APO. Then, citing to CCP § 526(a)(2), it further alleges that "the continuance of foreclosure proceedings during this litigation could produce irreparable harm to the [Debtors] consisting of the loss of" the Property.

California law permits a court to issue an injunction where: (1) "it appears by the complaint that the plaintiff is entitled to the relief demanded, and the relief, or any part thereof, consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually;" or (2) "it appears by the complaint or affidavits

12

that the commission or continuance of some act during the litigation would produce waste, or great or irreparable injury, to a party to the action." Cal. Civ. Proc. Code § 526(a)(1)-(2).

As Wells Fargo stated in its motion to dismiss (and reiterates on appeal), there was no foreclosure proceeding against the Property. In any event, the Debtors cannot preemptively challenge a foreclosure proceeding. In California, nonjudicial foreclosure is governed exclusively by the California Civil Code. See Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149, 1155 (2011). And, the statutory scheme does not permit a party to offensively challenge a foreclosure sale. See id. ("[N]owhere does the statute provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized, and we see no ground for implying such an action.").

Even if the Debtors could challenge a prospective foreclosure proceeding, the adversary complaint does not show that the Debtors are entitled to the relief requested therein or that Wells Fargo's acts would cause them irreparable injury. As stated, the adversary complaint does not plead facts giving rise to a plausible fraudulent transfer claim. It is also unclear how alleged violations of the automatic stay and the APO relate to a claim to determine the validity, priority, or extent of Wells Fargo's lien.

To the extent the Debtors seek to enjoin Wells Fargo from seeking payment under the Note or exercising its rights and remedies thereunder, we reject any such suggestion. Following

13

their post-confirmation default, Wells Fargo was entitled to seek payments from the Debtors pursuant to the APO. Other than vague accusations, the adversary complaint fails to state with particularity how Wells Fargo violated the provisions of the APO.

The adversary complaint failed to plead facts giving rise to a plausible claim. Thus, the bankruptcy court properly dismissed the second claim.

### 3. "Willful and Malicious Injury" claim

The adversary complaint identifies the third claim in a heading titled "Willful and malicious injury (FRBP 7001(6))." Rule 7001(6), however, relates to a nondischargeability proceeding.

Citing California Civil Code ("CC") § 3412, the adversary complaint alleges that, based on the Debtors' information and belief, the "written instruments affecting [the Property] have become a nullity and that if left outstanding they could cause injury to [the Debtors], or may be used vexatiously against them." It states that the Debtors seek cancellation of the Note and Trust Deed based on Wells Fargo's fraudulent activity. Otherwise, it alleges, Wells Fargo will be unjustly enriched as it does not have a right to payment on the Note.

CC § 3412 provides that a court may order cancellation of an invalid written instrument that is void or voidable. As stated, the adversary complaint does not plead facts giving rise to a plausible fraudulent transfer claim. Nor does it allege other grounds supporting a plausible challenge to Wells Fargo's lien. Given that the adversary complaint does not allege a

14

plausible quiet title claim, the bankruptcy court properly dismissed the third claim.

### 4. "Injunctive Relief" claim

Citing "CC § 2934(a)(1)," the adversary complaint next alleges that non-judicial foreclosure is invalid when "the trustee under the original deed of trust allegedly acting on behalf of the encumbrancer of [the Debtors'] real property is not properly substituted with a 'recorded' document." As "all beneficiaries, known and unknown, did not effectively execute the Substitution of Trustee . . . any trustee's sale is void."

CC § 2934 does not contain subsections. It provides that an assignment of the beneficial interest under a deed of trust may be recorded and the effects of recordation on priority.

The adversary complaint does not identify the requested injunctive relief. Notwithstanding, the claim is not justiciable. As stated, Wells Fargo never commenced the foreclosure process against the Property. The bankruptcy court could not grant relief based upon an event that had yet to occur, nor could it issue an advisory opinion on an unripe issue. And, as noted, the Debtors are precluded from preemptively challenging a foreclosure proceeding. See Gomes, 192 Cal. App. 4th at 1155.

Given that the fourth claim for relief failed to state a claim upon which relief could be granted, the bankruptcy court properly dismissed it.

### 5. "Declaratory Relief" claim

Finally, the adversary complaint identifies the fifth claim in a heading titled "declaratory relief (FRBP 7001(9))." It

15

alleges that the proceeding "is an action for declaratory relief" pursuant to CCP § 1060 and that Wells Fargo "commenced an illegal foreclosure action" on the Property. Contradicting this allegation, it then alleges that Wells Fargo "will **subsequently** schedule a Trustee's (foreclosure) Sale of the Property (or will commit an illegal and fraudulent Trustee's Sale)" and, thus, the Debtors seek a declaration of their rights so that they "do not continue to suffer at the hands" of Wells Fargo. Emphasis added.

CCP § 1060 provides for a right of action to "[a]ny person interested under a written instrument, excluding a will or a trust, or under a contract, . . . in cases of actual controversy relating to the legal rights and duties of the respective parties . . . ." Cal. Civ. Proc. Code § 1060.

Here, the fifth claim fails for the same reasons as the fourth; the claim is not justiciable. And, again, the Debtors are precluded from preemptively challenging a foreclosure proceeding. See Gomes, 192 Cal. App. 4th at 1155. There is no question that the Debtors' obligations under the Note and Trust Deed continued post-petition and after plan confirmation.

Instead, the allegations made in connection with this claim are blatantly duplicated from another case. The adversary complaint challenges whether "American" is the present holder in due course or trust deed beneficiary. And it refers to a substitution of trustee recorded in Sacramento County on November 2, 2010, which "purported" substitution of Alliance Title Co. as trustee of the deed of trust dated November 14, 2007. The Debtors' challenge involved Wells Fargo, not

16

"American."  The Trust Deed was executed in 2005, not in 2007. And the trustee under the Trust Deed was Golden West Savings Association Service Co., not Alliance Title Co.

Again, given that the fifth claim for relief failed to state a claim upon which relief could be granted, the bankruptcy court properly dismissed it.

**C.    The bankruptcy court did not abuse its discretion by dismissing the adversary complaint without leave to amend.**

Dismissal of a complaint under Civil Rule 12(b)(6) is done typically without prejudice, giving the plaintiff an opportunity to amend.  The bankruptcy court, however, may dismiss an adversary complaint with prejudice upon determining that any amendment would be futile.  In re Tracht Gut, LLC, 503 B.R. at 815.  There is no abuse of discretion if it is clear that the adversary complaint is beyond rescue by an amendment.

That is the case here.  The bankruptcy court determined that dismissal without leave to amend was warranted, as it did not believe that a transfer of assets resulting from a bank name change and merger constituted a § 548 fraudulent transfer.  Nor did it believe that Wells Fargo committed a violation of the stay or that the APO or plan confirmation changed the calculus.

At oral argument, Debtors' counsel had no response to what potential amendment could be made to the adversary complaint. On this record and for the reasons already discussed, the bankruptcy court did not abuse its discretion in determining that leave to amend was not warranted.  And, to the extent we can discern any other alleged basis for asserted relief, it is inconsistent with the Debtors' schedules, position in their

17

plan, and the APO and seeks a result unavailable under the relevant law.

**CONCLUSION**

Based on the foregoing, we AFFIRM the bankruptcy court.